Zachary J. Alinder (*Pro Hac Vice Pending*)
Email: zalinder@sideman.com
Rebecca K. Felsenthal (NY Bar No. 5102843)
Email: rfelsenthal@sideman.com
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Twenty-Second Floor
San Francisco, California 94111-3711
Telephone:      (415) 392-1960
Facsimile:      (415) 392-0827

*Attorneys Specially Appearing for Defendants*
*SHOPIFY INC. and SHOPIFY (USA) INC.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT G. LOPEZ, *pro se*,<br><br>Plaintiff,<br><br>v.<br><br>SHOPIFY INC., and SHOPIFY (USA) INC.<br><br>Defendants. | Case No. 16-CV-09761(VEC) (AJP)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS SHOPIFY INC.'S AND SHOPIFY (USA) INC.'S MOTION TO DISMISS** |

## TABLE OF CONTENTS

**Page**

I.   PRELIMINARY STATEMENT ..................................................................1

II.  FACTUAL BACKGROUND....................................................................2

    A.   Shopify Inc...............................................................................2

    B.   Shopify (USA) Inc. ....................................................................3

    C.   Plaintiff's Business, Including His Shopify Store ...................................3

III. 12(B) MOTION TO DISMISS STANDARD ..................................................7

IV.  THE COURT LACKS PERSONAL JURISDICTION OVER SHOPIFY........................8

    A.   There Is No General Personal Jurisdiction Over The Shopify Defendants ............8

    B.   There Is No Specific Personal Jurisdiction Here Either .......................................10

        1.   There Is No Personal Jurisdiction Under CPLR § 302(a)(1)....................11

        2.   There Is No Personal Jurisdiction Under CPLR § 302(a)(2)....................12

        3.   There Is No Personal Jurisdiction Under CPLR § 302(a)(3)....................12

        4.   There Is No Personal Jurisdiction Under CPLR § 302(a)(4)....................13

V.   THE COURT SHOULD DISMISS THE COMPLAINT AGAINST SHOPIFY INC. FOR INSUFFICIENT SERVICE OF PROCESS ....................................................13

VI.  THE COURT SHOULD DISMISS THE COMPLAINT FOR IMPROPER VENUE DUE TO THE PARTIES' AGREED FORUM SELECTION CLAUSE ..........14

    A.   The Forum Selection Clause Was Reasonably Communicated to Plaintiff ..........14

    B.   The Language of the Forum Selection Clause is Mandatory................................15

    C.   To The Extent Plaintiff Has Any Claims Against Shopify, They Would Be Subject To The Forum Selection Clause ................................................15

VII. IN THE ALTERNATIVE, THE COURT SHOULD DISMISS THE FAC FOR FAILURE TO STATE A CLAIM FOR RELIEF.............................................16

    A.   Plaintiff Fails to State A Claim for Trademark Infringement................................16

        1.   The Federal Trademark Claim Fails .........................................16

i

        2.     *Tiffany v. eBay* Bars Such Claims In Any Event .......................................17

        3.     All Three Trademark Claims Fail For Other Reasons Too.......................18

    B.    Plaintiff Fails To State A Claim For Copyright Infringement..............................20

    C.    Plaintiff Cannot State A Claim For Unjust Enrichment .......................................21

    D.    Plaintiff Cannot State A Claim For Conversion ....................................................22

VIII.   THE FAC FAILS TO COMPLY WITH THE REQUIREMENTS OF FEDERAL RULE OF CIVIL PROCEDURE 8.................................................................................24

IX.    THE COURT SHOULD NOT GRANT LEAVE TO AMEND .......................................24

X.     CONCLUSION.......................................................................................................................25

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*1-800 Contacts, Inc. v. WhenU.Com, Inc.*,
    414 F.3d 400 (2d Cir. 2005)................................................................................16, 18

*Aluminal Indus., Inc. v. Newtown Commercial Assocs.*,
    89 F.R.D. 326 (S.D.N.Y. 1980) .............................................................................13

*American Movie Classics Co. v. Turner Entm't Co.*,
    922 F. Supp. 926 (S.D.N.Y. 1996)........................................................................20

*Archie Comic Publ'ns, Inc. v. DeCarlo*,
    141 F. Supp. 2d 428 (S.D.N.Y. 2001)...................................................................23

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...........................................................................................7, 8

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*,
    171 F.3d 779 (2d Cir. 1999).....................................................................................7

*Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*,
    373 F.3d 296 (2d Cir. 2004)...................................................................................22

*Brown v. Lockheed Martin Corp.*,
    814 F.3d 619 (2d Cir. 2016).....................................................................................8

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985)..................................................................................................8

*BWP Media USA Inc. v. Hollywood Fan Sites, LLC*,
    69 F. Supp. 3d 342, 353 (S.D.N.Y. 2014).......................................................20, 21

*Cartoon Network LP, LLLP v. CSC Holdings, Inc.*,
    536 F.3d 121 (2d Cir. 2008)...................................................................................21

*Cassano v. Altshuler*,
    186 F. Supp. 3d 318 (S.D.N.Y. 2016)...................................................................13

*Chavis v. Chappius*,
    618 F.3d 162 (2d Cir. 2010)...................................................................................25

*Computer Assocs. Int'l, Inc. v. Altai, Inc.*,
    982 F.2d 693 (2d Cir. 1992)...................................................................................19

*Daimler AG v. Bauman*,
 134 S. Ct. 746 (2014) ................................................................................................................. 8

*Darden v. DaimlerChrysler N. Am. Holding Corp.*,
 191 F. Supp. 2d 382 (S.D.N.Y. 2002) ........................................................................................ 7

*DiMuro v. Clinique Labs., LLC*,
 572 Fed. App'x 27 (2d Cir. 2014) ............................................................................................ 24

*Elsevier, Inc. v. Grossman*,
 77 F. Supp. 3d 331 (S.D.N.Y. 2015) ........................................................................................ 12

*Georgia Malone & Co. v. Rieder*,
 19 N.Y.3d 511, 973 N.E.2d 743 (2012) ................................................................................... 21

*Gmurzynska v. Hutton*,
 257 F. Supp. 2d 621 (S.D.N.Y. 2003), *aff'd* 355 F.3d 206 (2d Cir. 2004) ............................. 16

*Grullon v. City of New Haven*,
 720 F.3d 133 (2d Cir. 2013) ..................................................................................................... 24

*Hahn v. Office & Prof'l Employees Int'l Union, AFL–CIO*,
 107 F. Supp. 3d 379 (S.D.N.Y. 2015) ........................................................................................ 7

*Harper & Row, Publishers, Inc. v. Nations Enters.*,
 501 F. Supp. 848 (S.D.N.Y. 1980), *aff'd* 723 F.2d 195 (2d Cir. 1983), *rev'd on
 other grounds*, 471 U.S. 539, 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985) ............................ 19, 23

*Jazini v. Nissan Motor Co. Ltd.*,
 148 F.3d 181 (2d Cir. 1998) ....................................................................................................... 7

*Khan v. Khan*,
 360 Fed. App'x 202 (2d Cir. 2010) ....................................................................................... 7, 13

*Laporte v. Fisher*,
 No. 11 CIV. 9458 (PKC) (HBP), 2012 WL 5278543 (S.D.N.Y. Oct. 24, 2012) ..................... 4

*Licci v. Lebanese Canadian Bank*,
 673 F.3d 50 (2d Cir. 2012) ....................................................................................................... 11

*Lopez v. Gap, Inc.*,
 883 F. Supp. 2d 400 (S.D.N.Y. 2012) ........................................................................................ 6

*Lucia Vlad-Berindan v. NYC Metro. Transp. Auth.*,
 No. 14CV10304VECFM, 2016 WL 1317700 (S.D.N.Y. Apr. 1, 2016) .................................. 25

*Marvullo v. Gruner & Jahr*,
 105 F. Supp. 2d 225 (S.D.N.Y. 2000) ...................................................................................... 17

*MasterCard Int'l Inc. v. Nader 2000 Primary Comm., Inc.*,
No. 00 CIV.6068(GBD), 2004 WL 434404 (S.D.N.Y. Mar. 8, 2004) ...................................19

*Megna v. Biocomp Labs. Inc.*,
166 F. Supp. 3d 493, 499 (S.D.N.Y. 2016)...........................................................................12

*Milo & Gabby, LLC v. Amazon.com*,
No. C13–1932RSM, 2015 WL 4394673 (W.D. Wash. July 16, 2015) ...............................20

*Oorah, Inc. v. Schick*,
552 Fed. App'x 20 (2d Cir. 2014)..........................................................................................21

*Person v. Google Inc.*,
456 F. Supp. 2d 488 (S.D.N.Y. 2006)......................................................................................7

*Phillips v. Audio Active Ltd.*,
494 F.3d 378 (2d Cir. 2007).....................................................................................................14

*Pokemon Co. Int'l, Inc. v. Shopify, Inc.*,
No. 16-MC-80272-KAW, 2017 WL 697520 (N.D. Cal. Feb. 22, 2017).............................3, 10

*Rosendale v. Brusie*,
374 Fed. App'x 195 (2d Cir. 2010)........................................................................................24

*Salahuddin v. Cuomo*,
861 F.2d 40 (2d Cir. 1988).....................................................................................................24

*Sole Resort, S.A. de C. V. v. Allure Resorts Mgmt., LLC*,
450 F.3d 100 (2d Cir. 2006)...................................................................................................12

*Sonera Holding B. V. v. Cukurova Holding A. S.*,
750 F.3d 221 (2d Cir. 2014).....................................................................................................8

*Stadt v. Fox News Network LLC*,
719 F. Supp. 2d 312 (S.D.N.Y. 2010).....................................................................................23

*Stanacard, LLC v. Rubard, LLC*,
No. 12 CIV. 5176, 2016 WL 462508 (S.D.N.Y. Feb. 3, 2016) .........................................22, 23

*Takamiya v. DNP Am., LLC*,
No. 14-CV-10301 (VEC), 2016 WL 4030861 (S.D.N.Y. Jul. 25, 2016),
*appeal dismissed sub nom. TAKAMIYA v. DNP AMERICA LLC.* (Sept. 7,
2016) ..........................................................................................................................................4

*TechnoMarine SA v. Jacob Time, Inc.*,
No. 12 CIV. 0790 KBF, 2012 WL 2497276 (S.D.N.Y. June 22, 2012)..................................18

*Tiffany (NJ) Inc. v. eBay, Inc.*,
   576 F. Supp. 2d 463 (S.D.N.Y. 2008), *aff'd in part, rev'd in part*, 600 F.3d 93
   (2d Cir. 2010).................................................................................................1, 2, 17, 25

*TradeComet.com LLC v. Google, Inc.*,
   435 Fed. App'x 31 (2d Cir. 2011).............................................................................14

*TradeComet.com LLC v. Google, Inc.*,
   647 F.3d 472 (2d Cir. 2011)..................................................................................7, 14

*TradeComet.com LLC v. Google, Inc.*,
   693 F. Supp. 2d 370 (S.D.N.Y. 2010).................................................................14, 15

*Troma Entm't, Inc. v. Centennial Pictures Inc.*,
   729 F.3d 215 (2d Cir. 2013).....................................................................................12

*Wiwa v. Royal Dutch Petroleum Co.*,
   226 F.3d 88 (2d Cir. 2000).......................................................................................10

*Wolk v. Kodak Imaging Network, Inc.*,
   840 F. Supp. 2d 724 (S.D.N.Y. 2012)................................................................20, 21

**Statutes**

15 U.S.C. § 1114....................................................................................................16, 17

15 U.S.C. § 1127...........................................................................................................18

17 U.S.C. § 106.............................................................................................................19

17 U.S.C. § 301(a) .......................................................................................................19

Copyright Act........................................................................................................ *passim*

Lanham Act............................................................................................................16, 18

CPLR § 301....................................................................................................................8

CPLR § 302.................................................................................................................8, 10

CPLR § 302(a)(1) .......................................................................................................10

CPLR § 302(a)(2) ..................................................................................................11, 12

CPLR § 302(a)(3) .......................................................................................................12

CPLR § 302(a)(4) ........................................................................................................12, 13

**Other Authorities**

Federal Rule of Civil Procedure 4 .................................................................................13

Federal Rule of Civil Procedure 8 ............................................................................1, 24

Federal Rule of Civil Procedure 12(b) ..........................................................................14

Federal Rule of Civil Procedure 12(b)(2) ..............................................................1, 7, 13

Federal Rule of Civil Procedure 12(b)(3) ..............................................................2, 7, 14

Federal Rule of Civil Procedure 12(b)(5) ..................................................................2, 7

Federal Rule of Civil Procedure 12(b)(6) ..................................................................2, 7

Defendants Shopify Inc. and Shopify (USA) Inc. (the "Shopify Defendants"), specially appearing through their undersigned counsel, respectfully submit the following Memorandum of Law in Support of their Motion to Dismiss the First Amended Complaint ("FAC") filed by Plaintiff Robert G. Lopez, *pro se* ("Plaintiff" or "Mr. Lopez"), pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), 12(b)(5), and 12(b)(6).

## I.    PRELIMINARY STATEMENT

Plaintiff Robert G. Lopez is a serial IP plaintiff who has filed dozens of nuisance lawsuits in this District, as part of a broader "paper game" designed to increase "hype" and "buzz" for his business. The Shopify Defendants are the most recent in a long line of online service providers and retail companies dragged into Plaintiff's "game" without any legal or factual basis. Even among the dozens of his prior and current lawsuits, this one stands out from the crowd for its utter lack of merit. While Plaintiff's Complaint does not even meet the requirements of Rule 8, from what is pled, it appears that Mr. Lopez has sued Shopify – the ecommerce platform he himself uses – for allegedly infringing his "Hustle" copyright and trademark, because another merchant using the Shopify platform was allegedly selling goods that infringed that mark/copyright.[1] In 2009, the Second Circuit in *Tiffany v. eBay* made it clear that such lawsuits cannot proceed against an online service provider like Shopify. For this and at least four other reasons, the Court should dismiss the FAC in its entirety and with prejudice.

**First**, pursuant to Rule 12(b)(2), the Court lacks personal jurisdiction over the Shopify Defendants. As Plaintiff alleges, Shopify Inc. is a Canadian corporation with its principal place of business in Ottawa, Ontario, Canada. Shopify (USA) Inc. is a Delaware corporation with its principal place of business in San Francisco, California. Plaintiff has not alleged, and the Shopify Defendants do not have, the type of substantial, continuous, or systematic contacts with New York to subject them to general jurisdiction here. Nor does the dispute here arise out of any

---

[1] Plaintiff's FAC identifies non-party RRHustle.com as being this merchant. FAC, Ex. D. However, it appears that Plaintiff has not named RRHustle.com as a defendant in this or any other action.

forum-related activities by the Shopify Defendants.

*Second*, pursuant to Rule 12(b)(5), the Court should dismiss the Complaint against Defendant Shopify Inc. for insufficient service of process. The Court ordered Plaintiff to serve the Shopify Defendants by March 19, 2017, but Plaintiff failed to do so. On March 27, 2017, the Court entered an endorsement holding that service on Defendant Shopify Inc. (Dkt. 5) was not valid. Dkt. 9. The Court should therefore dismiss Defendant Shopify Inc.

*Third*, pursuant to Rule 12(b)(3), in the alternative, the Court should dismiss the Complaint for improper venue due to a mandatory forum selection clause in favor of Canada in the Shopify Terms of Service ("TOS"). Mr. Lopez is a Shopify merchant and to the extent he could possibly maintain direct claims against Shopify, they would fall under the mandatory forum selection clause in favor of Ontario, Canada.

*Fourth*, pursuant to Rule 12(b)(6), the FAC also fails to state any claim for which relief can be granted. In addition to directly violating the holding of *Tiffany v. eBay* and a host of cases since, Plaintiff's asserted claims for trademark infringement, copyright infringement, and a grab bag of common law claims all fail as a matter of law. The Copyright claim also preempts the state law claims in any event.

Accordingly, the Shopify Defendants respectfully request that the Court dismiss the FAC in its entirety and with prejudice.

## II.    FACTUAL BACKGROUND

### A.    Shopify Inc.

Shopify Inc. is the leading cloud-based, multi-channel commerce platform designed for small and medium-sized business. Zipes Decl., ¶ 2. Merchants, including Plaintiff, use the Shopify Inc. software to design, set up, and manage their stores across multiple sales channels, including web, mobile, social media, marketplaces, brick and mortar locations, and pop-up

shops. *Id.* While merchants around the world leverage Shopify Inc.'s software and services, Shopify Inc. is located in Canada. *Id.*, ¶ 3; FAC ¶ 21. Specifically, Shopify Inc. is a Canadian corporation with its principal place of business in Ottawa, Ontario. Zipes Decl., ¶ 3; FAC ¶ 9. Shopify Inc. does not have any employees in New York, and does not have any offices for employees in New York. Zipes Decl., ¶ 3. The closest possible connection to New York is that Shopify Inc. has run three promotional events/contests where up to six individual partners of Shopify (specifically not employees) won three months of rent-free co-working space, provided by companies A List Apart, WeWork, and Blueprint+Co. *Id.* ¶ 7. The first of those promotional events was called Partner Studio NYC and ran from October 2016 through December 2016. *Id.*

### B. Shopify (USA) Inc.

Plaintiff does not allege how Shopify (USA) Inc. could possibly be involved in this action in any way. *See generally* FAC. It isn't. Shopify (USA) Inc. is the wholly-owned U.S. subsidiary of Shopify Inc. Zipes Decl., ¶ 5. Shopify (USA) Inc. is a Delaware corporation and maintains its principal place of business in San Francisco, California. *Id.* Shopify (USA) Inc. and Shopify Inc. are separate and distinct entities. *Id.*; *see also Pokemon Co. Int'l, Inc. v. Shopify, Inc.*, No. 16-MC-80272-KAW, 2017 WL 697520, at *4 (N.D. Cal. Feb. 22, 2017) (holding that Shopify Inc. and Shopify (USA) Inc. are separate entities). Most Shopify (USA) Inc. employees do not even do work related to Shopify Inc.'s core ecommerce business, but instead work on a mobile and messaging platform to help merchants run their businesses, previously named Kit CRM Inc., which Shopify Inc. acquired in 2016. *Id.*, ¶ 6, and Ex. A (acquisition announcement for Kit CRM, Inc., which was later re-branded as Shopify (USA) Inc.).

### C. Plaintiff's Business, Including His Shopify Store

Plaintiff alleges that he has operated a business with the trade name L.E.S. Clothing Co. since 1999. FAC ¶ 12. At some point in 2014, Plaintiff alleges that he began selling caps, t-

shirts, and other clothing items bearing a stylized "Hustle" design through his L.E.S. Clothing

Co. company. *Id.* ¶¶ 11, 13-14. Plaintiff alleges that he owns a United States Copyright

Registration (No. VA 1-953-886) for a photograph of his "Hustle Snapback Design." *Id.* ¶ 19,

Ex. B. Plaintiff also alleges that he owns a New York State Trademark Registration (No.

R32911) for the stylized "HUSTLE" design. *Id.* ¶ 20, Ex. C. Plaintiff claims that he promotes

and sells caps, t-shirts, and other clothing items bearing a stylized "HUSTLE" design  through

multiple outlets, including his website www.lesclothing.com. FAC ¶¶ 15-16, 18. The website

www.lesclothing.com uses the Shopify ecommerce platform. Zipes Decl., ¶ 8, Ex. C.[2]

As a Shopify merchant client, Plaintiff consented to the Shopify TOS. *See id.* The

Shopify TOS state, in relevant part:

- The Terms of Service shall be governed by and interpreted in accordance with the laws of the Province of Ontario and the laws of Canada applicable therein, without regard to principles of conflicts of laws. The parties irrevocably and unconditionally submit to the exclusive jurisdiction of the courts of the Province of Ontario with respect to any dispute or claim arising out of or in connection with the Terms of Service. The United Nations Convention on Contracts for the International Sale of Goods will not apply to these Terms of Service and is hereby expressly excluded. Zipes Decl., Ex. B, Section 3(2).

- You acknowledge and agree that Shopify may amend these Terms of Service at any time by posting the relevant amended and restated Terms of Service on Shopify's website, available at https://www.shopify.com/legal/terms and such amendments to the Terms of Service are effective as of the date of posting. Your continued use of the Services after the amended Terms of Service are posted to Shopify's website constitutes your agreement to, and acceptance of, the amended Terms of Service. If you do not agree to any changes to the Terms of Service, do not continue to use the Service. *Id.*, Section 3(3).

---

[2] A court may consider extrinsic materials that the plaintiff knew of or possessed and relied upon in framing the complaint. *Takamiya v. DNP Am., LLC*, No. 14-CV-10301 (VEC), 2016 WL 4030861, at *2 (S.D.N.Y. Jul. 25, 2016), *appeal dismissed sub nom. TAKAMIYA v. DNP AMERICA LLC.* (Sept. 7, 2016); *accord Laporte v. Fisher*, No. 11 CIV. 9458 (PKC) (HBP), 2012 WL 5278543, at *2 (S.D.N.Y. Oct. 24, 2012), citing *Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993). As Plaintiff's website www.lesclothing.com is run on the Shopify platform, Plaintiff necessarily consented to and thus knew of the Shopify TOS.

- We may, but have no obligation to, remove Store Content and Accounts containing content that we determine in our sole discretion are unlawful, offensive, threatening, libelous, defamatory, pornographic, obscene or otherwise objectionable or violates any party's intellectual property or these Terms of Service. *Id.*, Section 4(3).

- Shopify does not pre-screen Product Search Content and we may refuse or remove any Product Search Content on the Product Search Site at any time and in our sole discretion. We may, but have no obligation to, review and remove Product Search Content containing content that we determine in our sole discretion is unlawful, offensive, threatening, libelous, defamatory, counterfeit, pornographic, obscene or otherwise objectionable or in violation of any intellectual property rights or the Terms of Service. *Id.*, Section 12(2).

- Shopify supports the protection of intellectual property and asks Shopify merchants to do the same. It's our policy to respond to all notices of alleged copyright infringement. If someone believes that one of our merchants is infringing their intellectual property rights, they can send a DMCA Notice to Shopify's designated agent using our form. Upon receiving a DMCA Notice, we may remove or disable access to the material claimed to be a copyright infringement. Once provided with a notice of takedown, the merchant can reply with a counter notification using our form if they object to the complaint. The original complainant has 14 business days after we receive a counter notification to seek a court order restraining the merchant from engaging in the infringing activity, otherwise we restore the material. For more information, see our DMCA Notice and Takedown Procedure. *Id.*, Section 17.

Plaintiff alleges that, on or about October 21, 2015, a merchant client of the Shopify Defendants began to offer for sale clothing using images that replicate Plaintiff's "Hustle Snapback Design." FAC ¶¶ 24, 27. Plaintiff claims that, at some later date, he provided the Shopify Defendants with "a Copyright/Trademark Infringement Notice which included copies of Plaintiff's Copyright Registration Certificate and Trademark Registration Certificate." *Id.* ¶ 29. Plaintiff also claims to have requested that the Shopify Defendants suspend and disable the merchant website (hosted by the Shopify Defendants) that was "marketing and exploiting images in violation of Plaintiff's intellectual property rights." *Id.* Plaintiff claims that the Shopify Defendants have failed to take prompt corrective action after being put on notice. *Id.* Although Plaintiff only claims a copyright interest in a single image, he alleges without support that the

Shopify Defendants are somehow "copying, marketing and hosting a website that's exploiting over 41 images that violate my copyright and trademark." *Id.* ¶ 30.

Here, Plaintiff actually sent his initial claimed notice of infringement on December 16, 2016 by mail and email, ignoring Shopify's DMCA Notice and Takedown Procedures. *See* Zipes Decl., Exs. D-E. Shopify notified him that his notice did not comply with Shopify's DMCA notice and takedown requirements on December 19, 2016. *Id.*, Ex. D. Plaintiff filed his Complaint in this Action that same day, and sent a revised notice of infringement in response to Shopify the next day on December 20, 2016. *See id.* Shopify took down the allegedly infringing content on December 21, 2016 (three business days after Mr. Lopez's original communication and one day after Mr. Lopez sent the DMCA notice of infringement), and informed Plaintiff of the takedown the same day. *See id.* Plaintiff filed an amended complaint on March 16, 2017. Dkt. 7.

Plaintiff's business appears to primarily be filing such lawsuits. Since 2010, Lopez has filed nearly 30 nuisance lawsuits against a variety of internet entities, including Google, Instagram, and Tumblr. *See also* Declaration of Rebecca K. Felsenthal in Support of Motion to Dismiss ("Felsenthal Decl."), ¶ 4 (identifying the full list of case citations identified thus far). The Shopify Defendants are not aware of any favorable judgment obtained in any of these cases. Indeed, in *Lopez v. Gap, Inc.*, 883 F. Supp. 2d 400 (S.D.N.Y. 2012), the court dismissed Plaintiff's claims on summary judgment. In that case, Plaintiff admitted in deposition that filing complaints was a "paper game" and that it had increased "media attention" and "add[ed] a little hype and buzz" to his business. Felsenthal Decl., Ex. A (Lopez Depo. Excerpts in Case No. 1:11-cv-03185 (PAE), Dkt. 38-2) at 143:24-144:12, 146:3-23. This lawsuit is just the next "paper game" to Mr. Lopez, but it has a real impact on these Defendants and the court system.

### III.    12(B) MOTION TO DISMISS STANDARD

**Rule 12(b)(2).** "When responding to a Rule 12(b)(2) motion to dismiss . . . the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999). The Court is not bound by conclusory statements, without supporting facts. *Jazini v. Nissan Motor Co. Ltd.*, 148 F.3d 181, 185 (2d Cir. 1998).

**Rule 12(b)(3).** Likewise, "[u]pon a motion to dismiss under Rule 12(b)(3) the Plaintiff has the burden of pleading venue." *Person v. Google Inc.*, 456 F. Supp. 2d 488, 493 (S.D.N.Y. 2006). Courts in this Circuit dismiss complaints for improper venue where a valid forum selection clause exists, like here. *TradeComet.com LLC v. Google, Inc.*, 647 F.3d 472, 475 (2d Cir. 2011), citing *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383 (2d Cir. 2007).

**Rule 12(b)(5)**. "Rule 12(b)(5) provides for dismissal of a complaint for insufficient service of process." *Hahn v. Office & Prof'l Employees Int'l Union, AFL–CIO*, 107 F. Supp. 3d 379, 382 (S.D.N.Y. 2015). In doing so, a court must look to matters outside the complaint to determine whether it has jurisdiction. *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002). "On a Rule 12(b)(5) motion to dismiss, the plaintiff bears the burden of establishing that service was sufficient." *Khan v. Khan*, 360 Fed. App'x 202, 203 (2d Cir. 2010), citing *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005).

**Rule 12(b)(6)**. Finally, to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, "a complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*, quoting *Twombly*, 550 U.S. at 557. Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader

is entitled to relief.'" *Iqbal*, 556 U.S. at 679, quoting Fed. R. Civ. Proc. 8(a)(2).

## IV.    THE COURT LACKS PERSONAL JURISDICTION OVER SHOPIFY

As a preliminary matter, Plaintiff does not – and cannot – plead facts sufficient for the

Court to exercise personal jurisdiction over the Shopify Defendants.[3]

### A.    There Is No General Personal Jurisdiction Over The Shopify Defendants

To determine general personal jurisdiction over individual defendants, a court first looks

to the law of the state in which the district court sits. *Brown v. Lockheed Martin Corp.*, 814 F.3d

619, 624 (2d Cir. 2016). Thus, here the Court must look to New York's personal jurisdiction

statutes to determine whether Plaintiff has demonstrated personal jurisdiction over the Shopify

Defendants. *See* N.Y. CPLR §§ 301, 302. If jurisdiction is found, then the Court must determine

whether the exercise of such jurisdiction under New York law satisfies the federal due process

requirements of fair play and substantial justice. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462,

477 (1985), quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945).

CPLR § 301 provides that a New York court "may exercise jurisdiction over persons,

property, or status as might have been exercised heretofore." New York courts have interpreted

Section 301 to exercise jurisdiction over an out-of-state corporation that "has engaged in such a

continuous and systematic course of 'doing business' in New York that a finding of its presence

in New York is warranted." *Sonera Holding B. V. v. Cukurova Holding A. S.*, 750 F.3d 221, 224

(2d Cir. 2014).

However, the broad language of the CPLR was subsequently limited by the Supreme

Court's holding in *Daimler AG v. Bauman*, 134 S. Ct. 746, 748-49 (2014). Post-*Daimler*, it is no

longer enough for a non-domiciliary corporation to engage in any "continuous and systematic"

activities within the forum state to establish general personal jurisdiction; "[a] corporation that

---

[3] Plaintiff has raised no allegations that either the Shopify Defendants nor non-party RRHustle are incorporated in New York, do business in New York, or have otherwise engaged in any substantial activities in New York. Thus, it appears that Plaintiff asserts jurisdiction is proper in New York solely based on *his* presence there.

operates in many places can scarcely be deemed at home in all of them." *Id.* at 762, n. 20. The "paradigm bases" for determining whether a corporation is at home in the forum state are "the place of incorporation and principal place of business." *Id.* at 760. General personal jurisdiction may also arise in the "*exceptional case*" where "a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Id.* at 761 n. 19 (emphasis added).

Here, these paradigm bases for general jurisdiction are not satisfied regarding either of the Shopify Defendants. Plaintiff acknowledges that Shopify Inc. has neither its place of incorporation nor its principal place of business in New York; rather, it is a Canadian corporation with its principal place of business in Ontario, Canada. FAC ¶ 9. Likewise, Plaintiff alleges that Shopify (USA) Inc. is incorporated in Delaware and alleges that Shopify (USA) has a place of business in Ontario, Canada.[4] FAC ¶ 10.

Nor does the FAC allege that this is an "exceptional case" in which general personal jurisdiction may be exercised over the Shopify Defendants. Plaintiff alleges that "upon information and belief, Defendant maintains an office location in New York County for its 'Partner Studio NYC' and Defendant trades its shares on the New York Stock Exchange." FAC ¶ 6. Plaintiff neither alleges, nor can it, that "Partner Studio NYC" is a Shopify office, hosts any Shopify employees, nor that any Shopify business is conducted there.

As set forth above in Section II.A., Partner Studio NYC was a three-month promotional event run by Shopify to award rent-free co-working space to a set of promising individual partners/freelancers (not Shopify employees). *See* Zipes Decl., ¶ 7. This promotional event and co-working space was not a Shopify office, nor was it used for work by any Shopify employees.

---

[4] Shopify (USA) Inc. actually has a principal place of business in San Francisco, California. *See* Zipes Decl., ¶ 5. It does not maintain any offices or employees in New York. *See id.*

Shopify does not own, rent, or otherwise control any real property in New York. *See id*. Such promotional events, especially when they are wholly unrelated to the plaintiff's claims, cannot possibly be sufficient grounds for conferring personal jurisdiction. *See, e.g., Pokemon*, 2017 WL 697520, at \*5 (finding that Shopify Inc.'s annual conference for partners in California was "wholly irrelevant to this underlying copyright infringement lawsuit" and thus not sufficient for exercise of personal jurisdiction). Additionally, it is well-established that the mere listing of shares on the New York Stock Exchange is insufficient to confer jurisdiction. *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 97 (2d Cir. 2000). Thus, Plaintiff has failed to allege any grounds for this Court to exercise general personal jurisdiction over Defendants, as none exists.

### B.   There Is No Specific Personal Jurisdiction Here Either

New York has codified the requirements for specific personal jurisdiction at CPLR § 302. As applied here, Section 302 allows personal jurisdiction to lie only if Plaintiff's FAC asserts claims that are related to the following acts by the Shopify Defendants' within New York state:

> 1. transact[ion of] any business within [New York State] or contracts anywhere to supply goods or services in the state; or
> 2. [commission of] a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
> 3. [commission of] a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
>> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
> 4. own[ership], use[] or possess[ion of] any real property situated within the state.

CPLR § 302(a)(1)-(4). Plaintiff does not, and cannot, allege facts sufficient to establish any of these grounds for specific personal jurisdiction over the Shopify Defendants.

1.  **There Is No Personal Jurisdiction Under CPLR § 302(a)(1)**

Under Section 302(a)(1), "a court must decide (1) whether the defendant 'transacts any business' in New York and, if so, (2) whether this cause of action 'aris[es] from' such a business transaction." *Licci v. Lebanese Canadian Bank*, 673 F.3d 50, 60 (2d Cir. 2012). "A suit will be deemed to have arisen out of a party's activities in New York if there is an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York." *Id.* at 66. There are no such allegations in the FAC.

Instead, Plaintiff concludes (without any factual support) that "[t]his Court has personal jurisdiction over the Defendant [*sic*] because Defendant engage in continuous business activities in, and directed to the State of New York within this judicial district, and because Defendant has committed tortuous [*sic*] acts aimed at and causing harm within the State of New York and this judicial district." FAC ¶ 6. This assertion merely recites the elements of Section 302, but is devoid of any factual allegations. Plaintiff does not specify which, if any, of the Shopify Defendants' purported business activities occur in New York, nor does Plaintiff identify an articulable nexus between those purported activities and the causes of action identified in the FAC. Therefore, Plaintiff has failed to meet its burden of pleading specific personal jurisdiction under Section 302(a)(1). There is no nexus between any business dealings by the Shopify Defendants and New York. Instead, Plaintiff's lawsuit concerns his allegations that a third party using the Shopify ecommerce platform was selling allegedly infringing goods. The only connection with New York is that Plaintiff happens to be located here.[5]

---

[5] Indeed, to the extent that Plaintiff's claims relate at all to New York because his business hosted on the Shopify platform is located there, that only further confirms, as set forth below, that the mandatory forum selection in the Shopify TOS requires dismissal in favor of Canada.

11

2.      **There Is No Personal Jurisdiction Under CPLR § 302(a)(2)**

Under Section 302(a)(2), a court may exercise personal jurisdiction over a non-domiciliary if the non-domiciliary "commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act." N.Y. C.P.L.R. § 302(a)(2). "However, the defendant must actually be present in New York to be subject to personal jurisdiction under Section 302(a)(2)." *Megna v. Biocomp Labs. Inc.*, 166 F. Supp. 3d 493, 499 (S.D.N.Y. 2016). "A defendant's physical presence in New York is a prerequisite to jurisdiction under § 302(a)(2)." *Elsevier, Inc. v. Grossman*, 77 F. Supp. 3d 331, 345 (S.D.N.Y. 2015). Plaintiff has not identified any specific tortious acts that occurred within New York, nor alleged that the Shopify Defendants were physically present in New York at any relevant time. Indeed, neither can possibly be alleged here against a Canadian ecommerce platform, like Shopify. Thus, Plaintiff has failed to allege specific personal jurisdiction under Section 302(a)(2).

3.      **There Is No Personal Jurisdiction Under CPLR § 302(a)(3)**

To establish jurisdiction under § 302(a)(3), a plaintiff must show that: (1) the defendant committed a tortious act outside New York; (2) the claim arose from that tortious act; and (3) the act caused injury to a person or property within New York. *See Sole Resort, S.A. de C. V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 106 (2d Cir. 2006), citing *LaMarca v. Pak-Mor Mfg. Co.*, 95 N.Y.2d 210, 214, 713 N.Y.S.2d 304, 735 N.E.2d 883 (2000). To establish personal jurisdiction, an intellectual property owner is "obligat[ed], in each case, to allege facts demonstrating a non-speculative and direct New York-based injury to its intellectual property rights . . ." *Troma Entm't, Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 220 (2d Cir. 2013). Plaintiff does not identify any specific tortious acts committed by the Shopify Defendants, does not explain how its claims arise from any of the Shopify Defendants' conduct, and does not allege that Shopify Defendants have caused injury to any person or property within New York.

12

Again, Plaintiff cannot possibly allege such facts here against a Canadian ecommerce platform. As such, Plaintiff does not, and cannot, plead personal jurisdiction under Section 302(a)(3).

4.    **There Is No Personal Jurisdiction Under CPLR § 302(a)(4)**

"CPLR § 302(a)(4) is confined to actions arising from the ownership, use or possession of real property; the statute does not make ownership, use or possession of real property per se a basis of jurisdiction." *Aluminal Indus., Inc. v. Newtown Commercial Assocs.*, 89 F.R.D. 326, 329 (S.D.N.Y. 1980). The FAC identifies only one instance of real property with any connection to the Shopify Defendants – an alleged "Partner Studio NYC." FAC ¶ 6. However, Plaintiff has not alleged (nor can he) that his claims arise from the Shopify Defendants' ownership, use, or possession of something called "Partner Studio NYC." As established above, the "Partner Studio NYC" was merely a promotional/marketing event for partners, not something that in any way relates to Plaintiff's claims here. *See* Zipes Decl., ¶ 7. As such, Plaintiff cannot possibly allege that personal jurisdiction is proper under CPLR § 302(a)(4).

Because there is no general or personal jurisdiction over the Shopify Defendants, the Court should dismiss the FAC with prejudice pursuant to Fed. R. Civ. Proc. 12(b)(2).

**V.    THE COURT SHOULD DISMISS THE COMPLAINT AGAINST SHOPIFY INC. FOR INSUFFICIENT SERVICE OF PROCESS**

The FAC should be dismissed as against Defendant Shopify Inc. because the Court has already ruled that service on Shopify Inc. was insufficient under Federal Rule of Civil Procedure 4. *See* Dkt. 9 (Memo. Rejecting Service Filed at Dkt. 5); *see also* Fed. R. Civ. Proc. 4. Even as a *pro se* Plaintiff, Mr. Lopez still must comply with the applicable rules of service of process. *See Cassano v. Altshuler*, 186 F. Supp. 3d 318, 321 (S.D.N.Y. 2016). Thus, because Plaintiff has not and cannot meet his burden of establishing that service was sufficient, the Court should dismiss the FAC as to Shopify Inc. on this ground as well. *See Khan*, 360 Fed. App'x at 203.

## VI.     THE COURT SHOULD DISMISS THE COMPLAINT FOR IMPROPER VENUE DUE TO THE PARTIES' AGREED FORUM SELECTION CLAUSE

To the extent that Plaintiff could possibly allege a direct claim against the Shopify Defendants in New York, the Court should still dismiss the FAC on the ground that he agreed to a mandatory forum selection clause in favor of Canada in the Shopify TOS. Under established Second Circuit law, forum selection clauses may be enforced through a Rule 12(b) motion to dismiss. *TradeComet.com*, 647 F.3d at 475, citing *Phillips*, 494 F.3d at 383-84.

In determining whether to dismiss a complaint for improper venue based on a forum selection clause, courts first require the moving party to establish that: (1) the forum selection clause was reasonably communicated to the party resisting enforcement; (2) the forum selection clause was mandatory, rather than permissive; and (3) the claims and parties involved in the suit are subject to the forum selection clause. *Phillips*, 494 F.3d at 383. If the defendant satisfies these three requirements, "the forum selection clause is presumptively enforceable," and the burden shifts to the opposing party to rebut the presumption of enforceability by showing that "enforcement would be unreasonable or unjust, or that the clause is invalid for such reason as fraud or overreaching." *TradeComet.com LLC v. Google, Inc.*, 435 Fed. App'x 31, 33 (2d Cir. 2011). If the opposing party is unable to overcome the presumption of enforceability, the Court must dismiss the Complaint. *See TradeComet.com LLC v. Google, Inc.*, 693 F. Supp. 2d 370, 381 (S.D.N.Y. 2010) (granting motion to dismiss under Rule 12(b)(3)).

### A.     The Forum Selection Clause Was Reasonably Communicated to Plaintiff

Plaintiff signed up for Shopify service on August 14, 2014. *See* Zipes Decl., ¶ 8. In doing so, he agreed to the Shopify TOS, as they explicitly state: "By signing up for the Shopify service ("Service") or any of the services of Shopify Inc. ("Shopify") you are agreeing to be bound by the following terms and conditions ("Terms of Service")." *Id.*, Exs. B-C. It further states up front that "You must read, agree with and accept all of the terms and conditions contained in this

Terms of Service agreement and Shopify's Privacy Policy before you may become a Shopify user." *Id.*, Ex. B. It also states: "Your continued use of the Services after the amended Terms of Service are posted to Shopify's website constitutes your agreement to, and acceptance of, the amended Terms of Service. If you do not agree to any changes to the Terms of Service, do not continue to use the Service." *Id.* at Section 3(3). The TOS contains a clear Forum Selection Clause in favor of "Province of Ontario" in Canada. *Id.*, at Section 3(2).

"District courts in this Circuit have found that clickwrap agreements that require a user to accept the agreement before proceeding are 'reasonably communicated' to the user for purposes of this analysis." *TradeComet.com*, 693 F. Supp. 2d at 377 (citations omitted). That is the case here. Zipes Decl., ¶ 8. As such, there can be no dispute that the Forum Selection clause here was reasonably communicated to Plaintiff.

**B.      The Language of the Forum Selection Clause is Mandatory**

"A forum selection clause is viewed as mandatory when it confers exclusive jurisdiction on the designated forum or incorporates obligatory venue language." *TradeComet.com*, 693 F. Supp. 2d at 378, quoting *Phillips,* 494 F.3d at 386. The Forum Selection Clause at issue here is therefore mandatory because it requires that the "parties irrevocably and unconditionally submit to the exclusive jurisdiction of the courts of the Province of Ontario with respect to any dispute or claim arising out of or in connection with the Terms of Service." Zipes Decl., Ex. B at § 3(2).

**C.      To The Extent Plaintiff Has Any Claims Against Shopify, They Would Be Subject To The Forum Selection Clause**

Here, if Plaintiff has any claims at all, they are against another Shopify merchant which Plaintiff has identified in his Complaint as owning the shop at www.rrhustle.com, on which the allegedly infringing content was posted. *See* FAC, Ex. D (identifying rrhustle.com in the bottom left corner). While, as set forth below, there can be no liability against the Shopify Defendants for alleged infringement or other unlawful conduct by a third party, to the extent that Plaintiff believes he has any claim against the Shopify Defendants, such a claim necessarily arises out of or in connection with the merchant services provided pursuant to the Shopify TOS. The TOS covers not only Plaintiff's quasi-contractual claim for unjust enrichment but also the intellectual

15

property on a merchant's page, like Plaintiff. *See* Section II.C. above. For example, the TOS makes it clear that store content and related intellectual property rights are both the merchant's property and its responsibility to ensure "compliance of Store Content with any applicable laws or regulations." Zipes Decl., Ex. B at Section 7(3). Further, the TOS also explicitly incorporates the Shopify DMCA notice and takedown procedure:

> Shopify supports the protection of intellectual property and asks Shopify merchants to do the same. It's our policy to respond to all notices of alleged copyright infringement. If someone believes that one of our merchants is infringing their intellectual property rights, they can send a DMCA Notice to Shopify's designated agent using our form.

*Id*., at Section 17. Thus, even if Plaintiff has a dispute concerning Shopify's handling of allegedly infringing content by the merchant at the www.rrhustle.com website (FAC, Ex. D), such a claim also arises in connection with the TOS. In short, to the extent Plaintiff persists in his belief that he has some direct claim against the Shopify Defendants, the Court should dismiss the Complaint in favor of the Canadian Forum Selection Clause agreed to by the Parties.

## VII.   IN THE ALTERNATIVE, THE COURT SHOULD DISMISS THE FAC FOR FAILURE TO STATE A CLAIM FOR RELIEF

In addition, Plaintiff also cannot plausibly allege facts sufficient to state any claim for relief against either Shopify Defendant.

### A.   Plaintiff Fails to State A Claim for Trademark Infringement
#### 1.   The Federal Trademark Claim Fails

To prevail on a Lanham Act trademark infringement claim, a plaintiff must establish that (1) it has a valid mark that is entitled to protection under the Lanham Act; and that (2) the defendant used the mark, (3) in commerce, (4) "in connection with the sale . . . or advertising of goods or services," 15 U.S.C. § 1114(1)(a), (5) without the plaintiff's consent. *1-800 Contacts, Inc. v. WhenU.Com, Inc.,* 414 F.3d 400, 406-07 (2d Cir. 2005). Where the plaintiff "fails to allege a fundamental element of a Lanham Act claim," the Court should dismiss it. *Gmurzynska v. Hutton*, 257 F. Supp. 2d 621, 630 n. 11 (S.D.N.Y. 2003), *aff'd* 355 F.3d 206 (2d Cir. 2004).

First, Plaintiff cannot assert a claim for federal trademark infringement under the Lanham

Act because he does not have "a valid mark that is entitled to protection under the Lanham Act." Plaintiff has not registered his "Hustle" mark within the United States Patent & Trademark Office. *See* 15 U.S.C. § 1114(1)(a). Only the registrant of a federal trademark may bring a claim for trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114 ("Any person who shall, without the consent of the *registrant* . . . shall be liable in a civil action by the *registrant* for the remedies hereinafter provided.") (emphasis added). Plaintiff alleges that he owns a New York state trademark registration, not a federal registration; thus, he cannot maintain a cause of action under 15 U.S.C. § 1114. *See Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225, 232 n. 8 (S.D.N.Y. 2000) (noting that Section 32 applies only to registered trademarks).

Plaintiff is well-aware that only the registrant of a *federal* trademark registration may bring a civil action for trademark infringement under Section 32(1) of the Lanham Act. In *Lopez v. Aeropostale, Inc.*, 1:11-cv-04166, he admitted that his claim under 15 U.S.C. § 1114 could not withstand a motion to dismiss due to his lack of federal registration. *See* Felsenthal Decl., Ex. B (Plaintiff's Answer to Aeropostale Motion to Dismiss) at p. 5. So it should be here.

2.    ***Tiffany v. eBay* Bars Such Claims In Any Event**

Plaintiff's infringement claims also cannot avoid the elephant in the room – infringement claims, like these, against ecommerce platforms have been soundly rejected by Courts in the Second Circuit. *Tiffany (NJ) Inc. v. eBay, Inc.*, 576 F. Supp. 2d 463, 501 (S.D.N.Y. 2008), *aff'd in part, rev'd in part*, 600 F.3d 93 (2d Cir. 2010). There, the district court noted that even though eBay knew that counterfeit Tiffany products were offered through its website, such knowledge was not a basis for a claim of direct trademark infringement against eBay. *Id.* at 518. This was especially true since eBay never took physical possession of goods sold through its platform, and it took affirmative steps to identify and remove illegitimate goods sold on its marketplace. *Id.* at 475-76. Likewise, Plaintiff has alleged here that the Shopify Defendants provide hosting services and digital marketing assistance for its merchant clients. FAC ¶¶ 21-22. In short, the Shopify Defendants – as Plaintiff has alleged – are no different than eBay, and for the same reasons, courts in the Second Circuit do not allow Plaintiff to bring such infringement claims against the

platform itself, rather than the underlying merchant.

### 3.    All Three Trademark Claims Fail For Other Reasons Too

In addition, Plaintiff's causes of action for federal trademark infringement (First Cause of Action), federal unfair competition and false designation of origin (Second Cause of Action), and common law trademark infringement and unfair competition (Third Cause of Action) all fail to state a claim because Plaintiff does not, and cannot, allege "use in commerce." *1–800 Contacts*, 414 F.3d at 407. "The standard for trademark infringement and unfair competition under the Lanham Act is virtually identical to that under New York common law, except that the latter requires an additional showing of bad faith." *TechnoMarine SA v. Jacob Time, Inc.*, No. 12 CIV. 0790 KBF, 2012 WL 2497276, at *5 (S.D.N.Y. June 22, 2012). The bad faith element is missing from his allegations, as is the use in commerce element.

A mark is "deemed to be in use in commerce" when "it is placed in any manner on the goods or their containers or the displays associated therewith or on the tags or labels affixed thereto, or if the nature of the goods makes such placement impracticable, then on documents associated with the goods or their sale," and the goods are transported or sold in commerce. 15 U.S.C. § 1127. Plaintiff vaguely alleges that the Shopify "Defendants in conjunction with each other are hosting, exploiting, marketing and publishing images and designs and began marketing, selling, and offering for sale clothing under Plaintiff's copyright Hustle Snapback Design and trademark in violation of Plaintiff's trademark rights and copyrights." FAC ¶ 23. These conclusory allegations are not sufficient.

Indeed, Plaintiff's own allegations disprove this element, as he makes clear that Shopify Inc. is merely "an ecommerce website provider that provides hosting, merchant, shopping cart, payment and other similar services to business in the apparel industry" and that Shopify (USA) Inc. is a "subsidiary" that provides "digital marketing assistance" to Shopify Inc. clients. FAC ¶¶ 21-22. Thus, the FAC itself establishes that Shopify doesn't transport or sell any products itself. It merely provides merchant and ecommerce services to third parties. Plaintiff knows this well,

as his online shop is also hosted on the Shopify platform. *See* Zipes Decl., ¶ 8, Ex. C.

Finally, Plaintiff's state law trademark claim is preempted by the Copyright Act. Courts use a two-part test to determine whether a state cause of action will be preempted by the Copyright Act: (1) what is the nature of the work in question; and (2) what state law rights are claimed in that work. *See Harper & Row, Publishers, Inc. v. Nations Enters.*, 501 F. Supp. 848, 850 (S.D.N.Y. 1980), *aff'd* 723 F.2d 195 (2d Cir. 1983), *rev'd on other grounds*, 471 U.S. 539, 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985); *see also MasterCard Int'l Inc. v. Nader 2000 Primary Comm., Inc.,* No. 00 CIV.6068(GBD), 2004 WL 434404, at *5 (S.D.N.Y. Mar. 8, 2004).

The first prong for preemption is met when the nature of the work protected comes within the subject matter of copyright as defined by §§ 102 and 103 of the Copyright Act. *See* § 301(b)(1). The crux of the FAC appears to be the Shopify Defendants' alleged "use of Plaintiff's trademarks and/or copyrights," including the offering for sale of clothing that infringes Plaintiff's copyrighted Hustle Snapback Design and trademarks, and the use of images which infringe the same. FAC ¶¶ 23, 29-30, 44. Plaintiff's designs thus clearly fall within the subject matter of the Copyright Act. The second prong for preemption is met when the right granted under state law is "equivalent to any of the exclusive rights within the general scope of copyright as specified in Section 106." 17 U.S.C. § 301(a); *see also Harper & Row*, 501 F. Supp. at 850. The federal rights granted by the Copyright Act include the right "to prepare derivative works based upon the copyrighted work." 17 U.S.C. § 106. As evident in the FAC, Plaintiff claims that the Shopify Defendants have infringed on his intellectual property rights by "marketing, selling, and offering for sale clothing under Plaintiff's copyrighted Hustle Snapback Design and trademark." FAC ¶ 23. The Second Circuit Court of Appeals has held that misappropriation and unfair competition claims "grounded solely in the copying of plaintiff's protected expression are preempted by Section 301." *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 717 (2d Cir.

1992) (citations omitted); *see also American Movie Classics Co. v. Turner Entm't Co.*, 922 F. Supp. 926, 933 (S.D.N.Y. 1996). Thus, the Copyright Act preempts Plaintiff's claims for common law trademark infringement and unfair competition, requiring dismissal with prejudice.

### B.     Plaintiff Fails To State A Claim For Copyright Infringement

"To withstand a motion to dismiss, a complaint based on copyright infringement must allege: (1) which original works are the subject of the copyright claim; (2) that the plaintiff owns the copyrights in those works; (3) that the copyrights have been registered in accordance with the statute; and (4) 'by what acts during what time' the defendant infringed the copyright." *BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342, 353 (S.D.N.Y. 2014) (citations omitted). "Direct liability requires 'volitional conduct' that 'causes' the infringement." *Wolk v. Kodak Imaging Network, Inc.*, 840 F. Supp. 2d 724, 742 (S.D.N.Y. 2012). In other words, there must be some "copying *by* the defendant." *Milo & Gabby, LLC v. Amazon.com*, No. C13–1932RSM, 2015 WL 4394673, at *4 (W.D. Wash. July 16, 2015) (emphasis in original) (granting summary judgment in favor of Amazon for alleged direct copyright and trademark infringement actually done by third party sellers). Plaintiff cannot remotely meet this standard.

Plaintiff has not alleged that the Shopify Defendants engaged in any sort of volitional infringement; rather, the FAC alleges opposite. The FAC asserts that the Shopify Defendants provide an ecommerce website and related digital marketing assistance, and that they host, exploit and publish photographs that are posted by *their merchant clients*. FAC ¶¶ 21-22. Thus, as Plaintiff alleges, the nature of the Shopify Defendants' business is to provide an ecommerce platform, by which their merchant clients can market and sell their products. Indeed, Plaintiff has his own online store listing his products for sale on the Shopify platform. *See* Zipes Decl., ¶ 8. The FAC alleges in conclusory fashion that the Shopify Defendants, through their clients, somehow publish and exploit copies of Plaintiff's copyrighted design. FAC ¶¶ 23-27. However, Shopify is just the platform, not the seller or owner of the website. *See* Zipes Decl., ¶ 2.

Moreover, the law is well settled that "the display of copyrighted images on a defendant's website does not demonstrate volition." *Wolk*, 840 F. Supp. 2d at 742-43. The Court should therefore dismiss the copyright claims.

As the FAC alleges, third-party merchants use the Shopify ecommerce platform for a variety of merchant services. FAC ¶¶ 21-22. Shopify is no different than a "store proprietor who charges customers to use a photocopier on his premises"—and "it seems incorrect to say, without more, that such a proprietor 'makes' any copies when his machines are actually operated by his customers." *Cartoon Network LP, LLLP v. CSC Holdings, Inc.*, 536 F.3d 121, 132 (2d Cir. 2008); *accord BWP Media*, 69 F. Supp. 3d at 354 (holding that ownership of a website, without more, was not sufficient to create copyright liability for the actions of third parties). Because Plaintiff cannot possibly allege a plausible copyright infringement claim against the Shopify Defendants, the Court should also dismiss this claim with prejudice.

### C.      Plaintiff Cannot State A Claim For Unjust Enrichment

Plaintiff's claim for unjust enrichment under New York common law also fails. "Unjust enrichment is a quasi-contractual claim; it exists only *in the absence of a valid contract*." *Oorah, Inc. v. Schick*, 552 Fed. App'x 20, 23 (2d Cir. 2014), citing *Goldman v. Metro. Life Ins. Co.*, 5 N.Y.3d 561, 572, 807 N.Y.S.2d 583, 841 N.E.2d 742 (2005) (emphasis supplied). The New York Court of Appeals has "stated on several occasions, the theory of unjust enrichment lies as a quasi-contract claim and contemplates an obligation imposed by equity to prevent injustice, *in the absence of an actual agreement between the parties*." *Georgia Malone & Co. v. Rieder*, 19 N.Y.3d 511, 516, 973 N.E.2d 743, 746 (2012), citing *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132, 142, 879 N.Y.S.2d 355, 907 N.E.2d 268 (2009) (quotations omitted) (emphasis added). Here, Plaintiff has expressly agreed to Shopify Inc.'s TOS. *See* Zipes Decl., ¶ 8. Those terms of service directly address the subject matter her,=e, including but not limited to

Plaintiff's intellectual property and any DMCA takedown request. Thus, the Court should dismiss Plaintiff's claim for unjust enrichment.

Even if Plaintiff could get past that hurdle, Section 301 of the Copyright Act preempts his claim. "It is well-settled law in this circuit that an unjust enrichment claim based on copyrighted subject matter is preempted by the Copyright Act, because a claim for unjust enrichment contains no 'extra element' that makes it qualitatively different from a copyright infringement claim." *Stanacard, LLC v. Rubard, LLC*, No. 12 CIV. 5176, 2016 WL 462508, at *22 (S.D.N.Y. Feb. 3, 2016); *accord Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004) (holding that New York unjust enrichment claims are preempted by the Copyright Act). Plaintiff alleges that "Defendants have unjustly retained profits from the sale, order processing and advertising of clothing goods and accessories bearing Plaintiff's HUSTLE mark as well as Plaintiff's copyrighted Hustle Snapback Design." FAC ¶ 50. "Where the gravamen of an unjust enrichment claim is that defendants 'unjustly benefitted from unauthorized use' of a work within the scope of the Copyright Act—precisely what Plaintiff alleges here—the claim is preempted." *Stanacard*, 2016 WL 462508, at *22, quoting *Einiger v. Citigroup, Inc.*, No. 1:14–CV–4570– GHW, 2014 WL 4494139, at *6 (S.D.N.Y. Sept. 12, 2014).

### D.      Plaintiff Cannot State A Claim For Conversion

Plaintiff alleges that the Shopify Defendants are liable for conversion because they "have continued and are presently using Plaintiff's HUSTLE copyright and trademark" and "have continuously introduced, sold and/or offered for sale products bearing Plaintiff's trademarks and copyrights and are continuing to profit off of Plaintiff's intellectual property." FAC ¶¶ 53-54. The Court should dismiss Plaintiff's conversion claim because he cannot plead a viable claim and the Copyright Act would preempt such a claim in any event.

"To maintain a claim for conversion [under New York law], a plaintiff must show: (1) legal ownership or an immediate superior right of possession to a specific identifiable thing and

(2) that the defendant exercised an unauthorized dominion over the thing in question, to the alteration of its condition or *to the exclusion of the plaintiff's rights*." *Stadt v. Fox News Network LLC*, 719 F. Supp. 2d 312, 318 (S.D.N.Y. 2010) (citations omitted) (emphasis added). "Though New York courts have held that the misappropriation of intangible property, such as electronic records stored on a computer, can give rise to a claim for conversion . . . an action for conversion of intangible property must still satisfy the requirement of unauthorized dominion and control to the complete exclusion of the rightful possessor." *Stanacard*, 2016 WL 462508, at *21.

Plaintiff does not, and cannot, make such allegations. Instead, his claim is premised on the Shopify Defendants' purported use of his copyright and trademark. FAC ¶¶ 52-55. Nowhere does Plaintiff allege that the Shopify Defendants have taken "unauthorized dominion and control" of his intellectual property to his "complete exclusion." Rather, the FAC and supporting exhibits allege that Plaintiff continues to use his copyrighted and trademarked designs on Instagram, Facebook, Twitter, and on his website www.lesclothing.com. FAC ¶¶ 15, 18, 27, Ex. A. The tort of conversion does not remotely apply to these facts. *See, e.g., Stanacard*, 2016 WL 462508, at *21 (dismissing conversion claim based on defendants' alleged use of plaintiff's software, trade secrets, and system, without evidence "that Defendants' alleged use of the trade secrets or systems interfered, in any way, with [Plaintiff's] own use of that same information.").

Regardless, the Copyright Act preempts such claims. Where a cause of action for conversion is premised on the unauthorized publication of the plaintiff's copyrighted material, "plaintiffs seek to vindicate rights which are equivalent to the rights protected under the copyright laws, i.e., the exclusive right to reproduce and distribute a copyrightable work." *Harper & Row*, 501 F. Supp. at 852. Other courts in this Circuit have reached the same conclusion. *See, e.g., Stanacard*, 2016 WL 462508, at *20 (portion of conversion claim that "merely alleges that Defendants impermissibly used a reproduction of [plaintiff's] software—a claim that is not qualitatively different from a copyright claim" was preempted by the Copyright Act); *Archie Comic Publ'ns, Inc. v. DeCarlo*, 141 F. Supp. 2d 428, 432 (S.D.N.Y. 2001) (where

conversion claim was premised on "exploiting and thus infringing rights that are those of a copyright holder," and did not require proof of any element "instead of or in addition to the acts of reproduction, performance, distribution or display," the claim was "within the general scope of copyright and preempted by the Copyright Act."). The Court should therefore also dismiss Plaintiff's conversion claim with prejudice.

## VIII.   THE FAC FAILS TO COMPLY WITH THE REQUIREMENTS OF FEDERAL RULE OF CIVIL PROCEDURE 8

"Although a pro se complaint is liberally construed, an allegation of conspiracy requires more than conclusory allegations." *Rosendale v. Brusie*, 374 Fed. App'x 195, 197 (2d Cir. 2010). Federal Rule of Civil Procedure 8 provides that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct." Rule 8 ensures that a complaint provides a defendant with sufficient notice of the claims against him. *See* Fed. R. Civ. Proc. 8; *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Second Circuit has held that complaints containing only vague or conclusory accusations lack the particularity required to ensure that defendants receive fair notice of a plaintiff's claims, and are therefore subject to dismissal. *See DiMuro v. Clinique Labs., LLC*, 572 Fed. App'x 27, 30 (2d Cir. 2014)

Here, Plaintiff's FAC is devoid of factual allegations and contains nothing more than vague recitations of the elements of the various asserted claims. The FAC does not approach the requirements of Rule 8, even taking into consideration the leeway afforded to *pro se* plaintiffs like Mr. Lopez. The lack of factual allegations is particularly stark with respect to Shopify (USA) Inc., which primarily works on a separate mobile and messaging platform. The conclusory nature of the FAC is enough to merit dismissal of all of Plaintiff's claims.

## IX.   THE COURT SHOULD NOT GRANT LEAVE TO AMEND

Courts properly deny leave to amend where further amendment would be futile. *Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013), citing *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiff offers no factual allegations to support his claims. "Even in a pro se case, . .

. threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted).

This is particularly true where, as here, "the problem with the claim is substantive." *Lucia Vlad-Berindan v. NYC Metro. Transp. Auth.*, No. 14CV10304VECFM, 2016 WL 1317700, at *10 (S.D.N.Y. Apr. 1, 2016), citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Here, Plaintiff is attempting to hold Shopify Inc., an ecommerce host, and Shopify (USA) Inc., a mobile and messaging platform, liable for the alleged infringement by a Shopify Inc. merchant client. There is no plausible basis for these claims under settled Second Circuit law. *See, e.g., Tiffany*, 576 F. Supp. 2d 463. Furthermore, Plaintiff has offered only threadbare recitals of the elements of his claims, rather than facts, in support of his FAC. *Chavis*, 618 F.3d at 170. Finally, and perhaps most significantly, there are no facts to support this Court's exercise of personal jurisdiction over the Shopify Defendants, *see* Section IV, *supra*; rather, the facts are clear that Plaintiff has already consented to venue in the province of Ontario, and has failed to served Shopify Inc. *See* Sections V-VI, *supra*. Thus, for the reasons stated above, the Court should deny leave to file a Second Amended Complaint.

## X.   CONCLUSION

For the reasons stated above, Defendants Shopify Inc. and Shopify (USA) Inc. respectfully request that this Court dismiss Plaintiff's First Amended Complaint in its entirety and with prejudice.

DATED: March 29, 2017

SIDEMAN & BANCROFT LLP

By: _____

Rebecca K. Felsenthal
Attorneys Specially Appearing for Defendants
Shopify Inc. and Shopify (USA) Inc.