IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT G. LOPEZ, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 16-CV-09761 (VEC)(AJP) |
| | ) |
| SHOPIFY, INC. and | ) |
| SHOPIFY (USA), INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OF LAW IN OPPOSITION OF DEFENDANTS SHOPIFY INC. AND SHOPIFY (USA) INC'S. MOTION TO DISMISS

Plaintiff, Robert G. Lopez, a Pro Se individual submits this Memorandum of Law in Opposition of Defendants Shopify, Inc. and Shopify (USA), Inc.'s ("Shopify") Motion to Dismiss.

**I.   PRELMINARY STATEMENT**

Plaintiff Robert G. Lopez, is a small independent clothing retailer who since 1999 has sold t-shirts, caps and other clothing items through various methods including but not limited to his Flagship L.E.S. CLOTHING CO.™ store and his e-commerce store www.lesclothing.com. (FAC, ¶¶ 12, 15).

Plaintiff is the owner of various intellectual property rights in numerous brand names, designs and logo's in which he uses in connection with the production, manufacturing and sale of clothing items under his L.E.S. CLOTHING CO.™ business.

Plaintiff is the registered owner of United States Copyright Registration No. VA1-953-886 for the Hustle Snapback Design. (FAC, ¶19, Ex B).

1

Plaintiff is the owner of New York State Trademark Registration No. R32911 for the stylized HUSTLE™ mark *hustle.* (FAC ¶ 20, Ex. C).

Since at least as early as 2014, Plaintiff began using the mark and stylized HUSTLE™ design and incorporated the aforementioned mark and design into his collection of brands offered under his company L.E.S. Clothing Co.™. (FAC ¶ 13).

On or about November of 2016, Plaintiff became aware of Defendants Shopify use of an image that violated both his trademark and federally registered copyright in the Hustle Snapback Design.

After further investigation of the Defendants infringing use of Plaintiff's intellectual property rights, Plaintiff commenced the current action in December of 2016.

As a rights holder in the aforementioned mark, Plaintiff has actively policed his trademarks and other intellectual property rights by previously enforcing his ownership and use rights in his trademarks and copyrights against various other clothing retailers. In fact, it is a trademark and/or copyright owners responsibility and obligation (to maintain its rights in a mark or design) to enforce its rights in such intellectual property assets when it becomes aware of third party uses that may infringe upon the ownership and use rights in the mark and/or design.

Contrary to Mr. Alinder's opinion and false characterization of my previous litigation pursuits and labeling me a "serial IP plaintiff who has filed dozens of nuisance lawsuits…", I am proud to be amongst the very few small business owners that is in a position to enforce his intellectual property rights against major clothing conglomerates that often disregard a small business owners rights and believe that its status as a corporate giant with unlimited finances and legal representation resources can allow it to violate the law and a small business owners rights.

I can advise the Court that I voluntarily dismissed the previous cases that are closed because I was able to reach a resolution with the Defendant's to those actions that did not result in us further pursuing the litigation in Court.

In the current action, Defendants Shopify was also put on notice that it was involved or part of infringing activity that violated my intellectual property rights and it failed to expeditiously remove the infringing content, which is the only reason Plaintiff pursued the current action against it.

Plaintiff's FAC included information and allegation of Defendants Shopify engaging in continuous business activities in, and directed to the State of New York and about a partnership office location in which Defendants share that is located in New York City. Defendants also trade and share on the New York Stock Exchange which constitutes continuous business in New York County. (FAC¶ 6).

Defendants also provide merchants and e commerce solutions to residents and businesses in New York and collecting recurring e commerce merchant fees from customers in New York County.

Defendants use of Plaintiff's copyrighted and trademarked design was done without Plaintiff's authorization or consent. (FAC ¶ 25).

Defendants Shopify seeks dismissal of Plaintiff's Complaint for lack of personal jurisdiction, insufficient service of process, improper venue, and failure to state of cause of action upon which relief can be granted.

## II. STATEMENT OF FACTS

The Shopify Defendants do engage in continuous business activities aimed and directed to New York County and maintains a "Shopify Partner Studio NYC" office location in New York County.

The Shopify Defendants trade shares on the New York Stock Exchange which is another form of continuous business it engages in in New York.

The Shopify Defendants promote, advertise and offer directly from its website https://experts.shopify.com/setup-experts/New-York website designers from and in the New York City area.

The current dispute and action involves a third party merchants use and infringement of Plaintiff's design and trademark and has no relation to Shopify's services to Plaintiff as a web store owner that utilizes the Shopify e commerce service so the TOS Terms of Service on in relation to its users do not apply in the current case and action and Plaintiff is NOT bound by the choice of forum rules applicable under the Terms of Service.

In of the Defendant Shopify, Inc. being a foreign corporation and not having a listed Registered Agent and/or Office in the United States, Plaintiff made a good faith effort at effectuating service by mailing via "registered mail" a copy of the First Amended Complaint. Plaintiff also forwarded a courtesy copy of the originally filed complaint and FAC to Shopify's general counsel Joseph Frasca at corporate@shopify.com, jfrasca@shopify.com and josephfrasca@shopify.com.

Plaintiff Robert G. Lopez's First Amended Complaint filed on March 16, 2016 sufficiently states a cause of action against the Shopify Defendants for at a minimum at least copyright and trademark infringement.  Under 15 U.S.C. § 1125(a) as well as common law trademark infringement and unfair competition neither of which require a Plaintiff to own any

4

trademark registration at all.  Additionally, it is not a Plaintiff's burden or obligation in a trademark infringement action to show that the accused mark is used in a trademark sense and only to show that the accused mark creates a likelihood of confusion.

### III.  ARGUMENT

Defendants Shopify seeks dismissal of Plaintiff's First Amended Complaint under Fed. R. Civ. P. 12(b)(2), 12(b)(3), 12(b)(5) and 12(b)(6).  On a Rule 12(b)(6) motion to dismiss a complaint, the court must accept a Plaintiff's factual allegations as true and draw all reasonable inferences in his favor.  Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996); see Erickson v. Pardus, 127 S. Ct. 2197, 2199 (2007) (per curiam); Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007).

In its recent decision in Bell Atlantic Corp., the Supreme Court announced the "retirement" of the oft-quoted "no set of facts" language from Conley v. Gibson, 355 U.S. 41, 45-47 (1957), adopting in its place a "plausibility" standard.  Bell Atl. Corp., 127 S. Ct. at 1969. As interpreted by the Second Circuit, Bell Atlantic Corp. did not announce a "universal standard of heightened fact pleading, but …instead require[es] a flexible 'plausibility standard,' which obligates a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible."  Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007).  The question is whether the pleading alleges "'enough facts to state a claim for relief that is plausible on its face.'"  Patane v. Clark, 508 F.3d 106, 111-12 (2d Cir. 2007) (quoting Bell Atl. Corp., 127 S. Ct. at 1974).

### Plaintiff's Cause of Action for Copyright Infringement is Plausible

Plaintiff has shown that he is the registered copyright owner of a specific "visual arts" image in the Hustle Snapback design which copyright registration certificate was included as an exhibit in the First Amended Complaint.

¶ 23 of the FAC specifically alleges "Plaintiff is informed and believes and thereon alleges that Defendants published and exploited a photograph and image of a cap which was a copy of Plaintiff's registered copyright and which also violates Plaintiff's trademark.

¶ 25 of the FAC specifically alleges "The Defendants use of Plaintiff's copyrighted and trademarked design was done without Plaintiff's authorization or consent."

¶ 27 of the FAC specifically alleges "One of the cap design images and photographs copied, published and exploited by Defendants in the offering for sale of clothing by Defendants is an exact and identical replication and copy of Plaintiff's Hustle Snapback Design that is also used by Plaintiff on clothing (**See Exhibit D**)."

### Plaintiff's Causes of Action for Trademark Infringement and/or Unfair Competition is Plausible

Plaintiff's cause of action plausibly states a claim for relief under the Lanham Act that extends to both registered and unregistered trademarks. Section 43(a)(1)(a) of the Lanham Act provides a cause of action for a trademark holder against any person who misuses its trademark in a way that is "likely to cause confusion" to the buying public as to the origin, affiliation or sponsorship of the trademark holders product or service. 15 U.S.C. §1125(a).

The hallmark of infringement is the likelihood of confusion by the buying public between the plaintiff's goods or services and that of the defendant. See Fed Express Corp. v. Fed Espresso, Inc., 201 F.3d 1503, 1508-09 (2d Cir. 2007).

In the current action, Plaintiff not only claims a likelihood of confusion between Defendants' use of his trademarks, but claims "actual confusion." In the FAC, Plaintiff stated

he has experienced and will continue to experience confusion as to the source of the goods and/or the affiliation of connection between Plaintiff and Defendants' resulting in the unjust enrichment of Defendants' by using Plaintiff's trademarks. (FAC, ¶¶ 4, 28). On a motion to dismiss, the Court must accept the factual allegations in the complaint and may consider only whether the pleading plausible states a claim for relief. Iqbal, 490 F.3d at 157-58. Here, the Complaint plausibly argues that consumers have already been confused as to the affiliation or source of the goods of Plaintiff with that of the Defendants and that continued confusion is likely to occur.

In short, aside from the instances of actual confusion that have already occurred, it is plausible to believe that consumers who encounter the stylized *hustle.* mark can likely be confused with Plaintiff's clothing items under the HUSTLE™ design mark.

Accordingly, the Complaint has alleged sufficient facts to support trademark infringement and/or unfair competition claims.

The Defendants have also unjustly retained profits from the sale, promotion and exploitation of clothing goods bearing a mark that violates Plaintiff's intellectual property rights in the HUSTLE™ mark.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully request that this Court deny the Shopify Defendants Motion to Dismiss.

Dated: April 11, 2017
      New York, NY

Respectfully submitted,
Robert G. Lopez – Pro Se

*/s/ Robert G. Lopez*

Robert G. Lopez
Pro Se Plaintiff
230 Clinton Street – Apt. 11C
New York, New York 10002
(917) 868-1698