UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ROBERT G. LOPEZ,                                        :

               Plaintiff,            :        16 Civ. 9761 (VEC) (AJP)

        -against-                 :        **REPORT & RECOMMENDATION**

SHOPIFY, INC. and SHOPIFY (USA), INC.,                  :

             Defendants.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANDREW J. PECK, United States Magistrate Judge:**

**To the Honorable Valerie E. Caproni, United States District Judge:**

       Plaintiff Robert Lopez, proceeding pro se, brings this copyright and trademark

infringement action against defendants Shopify, Inc. and Shopify (USA), Inc. (together,

"defendants" or "Shopify"). (Dkt. No. 7: Am. Compl.) Shopify moved to dismiss (Dkt. No. 13) for

lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), among other reasons

(see generally Dkt. No. 14). For the reasons set forth below, Shopify's Rule 12(b)(2) motion should

be GRANTED.

## FACTS

**Lopez's Amended Complaint And Response To Shopify's Motion To Dismiss**

       Lopez, a New York resident, is the registered owner of the "Hustle Snapback Design"

copyright and "Hustle" trademark that he uses on various clothing items. (Dkt. No. 7: Am. Compl.

¶¶ 1-2, 8.) Lopez advertises his products bearing the Hustle design and mark on various social

media platforms and his website, www.lesclothing.com, that is hosted by Shopify. (Id. ¶ 15; Dkt.

No. 15: Zipes Aff. ¶ 8; Dkt. No. 24: Lopez Opp. Br. at 4.) "Shopify, Inc. is an e-commerce website

provider that provides hosting, merchant, shopping cart, payment and other similar services to businesses in the apparel industry and is an online company that hosts, exploits and publishes photographs and other images of clothing products for its merchant clients" online.  (Am. Compl. ¶ 21.)  Shopify USA is Shopify, Inc.'s subsidiary and "provides 'digital marketing assistance' to its merchant clients in the apparel" industry.  (Id. ¶ 22.)

Lopez alleges that in October 2015, a third party merchant using the Shopify service to host its website began marketing and selling clothing using Lopez's copyrighted design and trademark.  (Id. ¶¶ 23-24.)  In particular, Lopez claims that "[d]efendants are copying, marketing and hosting a website that's exploiting over 41 images that violate [Lopez's] copyright and trademark . . . ."  (Id. ¶ 30.)  In his opposition brief, Lopez clarified that "[t]he current dispute and action involves a third party merchant[']s use and infringement of [Lopez's] design and trademark and has no relation to Shopify's services to [Lopez] as a web store owner that utilizes the Shopify e commerce service."  (Lopez Opp. Br. at 4.)  Lopez identifies the offending third party merchant as "RRHustle" in an exhibit attached to his Amended Complaint, but did not name that entity as a defendant in this action.  (Am. Compl. Ex. D.)

On Friday, December 16, 2016, Lopez sent Shopify a takedown notice by mail and email that described RRHustle's alleged infringement.  (Dkt. No. 14: Shopify Br. at 6; Zipes Aff. ¶ 9 & Ex. D.)[1/]  On the next business day, December 19, 2016, Shopify responded that Lopez's notice did not comply with Shopify's DMCA notice and takedown requirements (Shopify Br. at 6; Zipes Aff. ¶ 9 & Ex. D), and Lopez initiated this action the same day (Dkt. No. 1: Compl.).  On

---

[1/]     PDF versions of Lopez's letters are accessible through links contained in Exhibit D to the Zipes Affidavit.

December 20, 2016, Lopez served Shopify with another takedown notice, and Shopify removed the infringing content on December 21, 2016.  (Shopify Br. at 6; Zipes Aff. ¶ 9 & Ex. D.)

Lopez alleges that Shopify, Inc. is incorporated and has its principal place of business in Canada, and that Shopify USA is a Delaware corporation with its principal place of business in Canada.  (Am. Compl. ¶¶ 9-10.)  Lopez alleges that the Court

> has personal jurisdiction over the Defendant[s] because Defendant[s] engage in continuous business activities in, and directed to the State of New York within this judicial district, and because Defendant[s] ha[ve] committed tort[i]ous acts aimed at and causing harm within the State of New York and this judicial district. Additionally, upon information and belief, Defendant[s] maintain[ ] an office location in New York County for [their] "Partner Studio NYC" and Defendant[s] trade [ ] [their] shares on the New York Stock Exchange.

(Id. ¶ 6; see also Dkt. No. 25: Lopez Aff. Exs. A-C.)  According to Lopez, defendants "promote, advertise and offer directly from [their] website . . . website designers from and in the New York City area."  (Lopez Opp. Br. at 4; see also Lopez Aff. ¶ 2 & Ex. D (including "a webpage print-out from the Shopify website promoting freelance web designers and developers located in New York City").)  "Defendants also provide merchants and e commerce solutions to residents and businesses in New York and collect[ ] recurring e commerce merchant fees from customers in New York County."  (Lopez Opp. Br. at 3.)

**Defendants' Personal Jurisdiction Evidence**

According to Erin Zipes, Shopify, Inc.'s Assistant General Counsel, "Shopify Inc. is the leading cloud-based, multi-channel commerce platform designed for small and medium-sized businesses.  Merchants use the Shopify Inc. software to design, set up and manage their stores across multiple sales channels, including web, mobile, social media, marketplaces, brick and mortar locations and pop-up shops."  (Dkt. No. 15: Zipes Aff. ¶¶ 1-2.)

Although Shopify is used worldwide, "Shopify Inc. is a Canadian corporation with its principal place of business in Ottawa, Canada.  Shopify Inc. is not registered with the Secretary of State in New York to do business," and has no office or employees in New York.  (Zipes Aff. ¶¶ 3-4.)  As Lopez acknowledges, Shopify USA is a Delaware corporation and "wholly-owned U.S. subsidiary of Shopify Inc.," but, contrary to Lopez's allegations, Zipes claims that "Shopify (USA) Inc. . . . maintains its principal place of business in San Francisco, California."  (Zipes Aff. ¶ 5.) "Shopify (USA) Inc. is also not registered with the Secretary of State in New York to do business . . .[,] does not maintain an office or have any employees in New York . . . [and] [a]ll but one of Shopify (USA) Inc.'s employees are based in its office in San Francisco, California."  (Id.)  Zipes further claims that the "Partner Studio NYC" Lopez references (see page 3 above) is not a Shopify office, but was a promotional event hosted at an unrelated company's location in New York that ran from October through December 2016.  (Zipes Aff. ¶ 7.)  Shopify, Inc. has run three such events "where up to six individual freelancers/partners of Shopify (not Shopify employees) won three months of rent-free working space" provided by other companies.  (Id.)

## ANALYSIS

### I.     LEGAL STANDARDS GOVERNING PERSONAL JURISDICTION

#### A.     Motions To Dismiss For Lack of Personal Jurisdiction

Defendants may challenge a court's exercise of personal jurisdiction via a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2).  "'Prior to discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith, legally sufficient allegations of jurisdiction.  At that preliminary stage, the plaintiff's prima facie showing may be established solely by allegations.'"  Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A., 722 F.3d 81, 84-85 (2d Cir. 2013); see also, e.g., In re Terrorist Attacks on Sept. 11, 2001, 714 F.3d 659, 673 (2d Cir.

2013) ("'In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists.'  This prima facie showing 'must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant.'" (citation omitted)), <u>cert. denied</u>, 134 S. Ct. 2870 (2014).

Courts may consider materials beyond the pleadings when ruling on a Rule 12(b)(2) motion.  <u>See</u>, <u>e.g.</u>, <u>Giuliano</u> v. <u>Barch</u>, 16 Civ. 0859, 2017 WL 1234042 at *3 (S.D.N.Y. Mar. 31, 2017); <u>Quest Trading, LLC</u> v. <u>Commerce & Indus. Ins. Co.</u>, 16 Civ. 735, 2017 WL 946421 at *4 (S.D.N.Y. Feb. 15, 2017).  "[W]here the issue is addressed on affidavits, all allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor, notwithstanding a controverting presentation by the moving party."  <u>A.I. Trade Fin., Inc.</u> v. <u>Petra Bank</u>, 989 F.2d 76, 79-80 (2d Cir. 1993); <u>accord</u>, <u>e.g.</u>, <u>Dorchester Fin. Sec., Inc.</u> v. <u>Banco BRJ, S.A.</u>, 722 F.3d at 85; <u>Capstone Bus. Funding, LLC</u> v. <u>Denark Constr., Inc.</u>, 16 Civ. 2141, 2017 WL 398411 at *2 (S.D.N.Y. Jan. 30, 2017).  A court need not, however, "draw argumentative inferences in the plaintiff's favor, nor . . . 'accept as true a legal conclusion couched as a factual allegation.'" <u>In re Terrorist Attacks on Sept. 11, 2001</u>, 714 F.3d at 673 (citation omitted); <u>accord</u>, <u>e.g.</u>, <u>In re Braskem S.A. Sec. Litig.</u>, 15 Civ. 5132, 2017 WL 1216592 at *10 (S.D.N.Y. Mar. 30, 2017).

### B.    Personal Jurisdiction Under Federal And New York Law

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons," subject to nonresident defendants' federal due process rights.  <u>Daimler AG</u> v. <u>Bauman</u>, 134 S. Ct. 746, 753 (2014); <u>see also</u>, <u>e.g.</u>, <u>Walden</u> v. <u>Fiore</u>, 134 S. Ct. 1115, 1121 (2014) ("The Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts."); <u>Goodyear Dunlop Tires Operations, S.A.</u> v. <u>Brown</u>, 564 U.S. 915, 923, 131 S. Ct. 2846, 2853 (2011) (same); <u>Brown</u> v. <u>Lockheed Martin</u>

Corp., 814 F.3d 619, 625 (2d Cir. 2016) (same).  Therefore, "[i]n deciding a question of personal jurisdiction, district courts must conduct a two-part analysis, looking first to the state's long-arm statute and then analyzing whether jurisdiction comports with federal due process."  Mario Valente Collezioni, Ltd. v. Confezioni Semeraro Paolo, S.R.L., 264 F.3d 32, 37 (2d Cir. 2001).

Two types of personal jurisdiction, specific and general, are available against a corporate entity in New York.  C.P.L.R. §§ 301, 302(a).  Generally speaking, "[s]pecific jurisdiction is available when the cause of action sued upon arises out of the defendant's activities in a state.  General jurisdiction, in contrast, permits a court to adjudicate any cause of action against the corporate defendant, wherever arising, and whoever the plaintiff."  Brown v. Lockheed Martin Corp., 814 F.3d at 624.   "As to a cause of action arising from any of the acts enumerated" below, New York permits specific "personal jurisdiction over any non-domiciliary" who:

> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> 2. commits a tortious act within the state . . .; or
>
> 3. commits a tortious act without the state causing injury to person or property within the state . . . if he
>
> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>
> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
>
> 4. owns, uses or possesses any real property situated within the state.

C.P.L.R. § 302(a).  The general jurisdiction statute, in contrast, permits "jurisdiction over persons, property, or status as might have been exercised heretofore."  C.P.L.R. § 301.

The Supreme Court has established different tests to determine the constitutionality of personal jurisdiction, depending on whether the assertion of jurisdiction is specific or general. Both tests, however, focus on whether the non-resident defendant has sufficient "'minimum contacts'" with the forum state and, if so, whether the exercise of jurisdiction would nonetheless "offend traditional notions of fair play and substantial justice." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. at 923, 131 S. Ct. at 2853 (quotations omitted); accord, e.g., In re Terrorist Attacks on Sept. 11, 2001, 714 F.3d 659, 673 (2d Cir. 2013) ("To establish personal jurisdiction over a defendant, due process requires a plaintiff to allege (1) that a defendant has 'certain minimum contacts' with the relevant forum, and (2) that the exercise of jurisdiction is reasonable in the circumstances."), cert. denied, 134 S. Ct. 2870 (2014); Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 164 (2d Cir. 2010).

Specific jurisdiction exists where the "defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, 105 S. Ct. 2174, 2182 (1985) (citations omitted)).[2/]  For example, the Supreme Court has "upheld the assertion of jurisdiction over defendants who have purposefully 'reach[ed] out beyond' their State and into another by, for example, entering a contractual relationship that 'envisioned continuing and wide-reaching contacts' in the forum State, or by circulating magazines to 'deliberately exploi[t]' a

---

[2/]    Accord, e.g., Walden v. Fiore, 134 S. Ct. at 1121 (Specific jurisdiction "focuses on 'the relationship among the defendant, the forum, and the litigation.'"); Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. at 919, 131 S. Ct. at 2851 ("Specific jurisdiction . . . depends on an 'affiliatio[n] between the forum and the underlying controversy,' principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation."); In re Terrorist Attacks on Sept. 11, 2001, 714 F.3d at 674 ("Put another way, specific personal jurisdiction properly exists where the defendant took 'intentional, and allegedly tortious, actions . . . expressly aimed' at the forum.").

market in the forum State."  Walden v. Fiore, 134 S. Ct. at 1122 (citations omitted); accord, e.g., Burger King Corp. v. Rudzewicz, 471 U.S. at 475-76, 105 S. Ct. at 2184 ("[W]here the defendant 'deliberately' has engaged in significant activities within a State, or has created 'continuing obligations' between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there . . . .").  "And although physical presence in the forum is not a prerequisite to jurisdiction, physical entry into the State—either by the defendant in person or through an agent, goods, mail, or some other means—is certainly a relevant contact."  Walden v. Fiore, 134 S. Ct. at 1122 (citation omitted).  In contrast, the plaintiff's relationship with the forum state, the defendant's "'random, fortuitous, or attenuated' contacts" in the forum, or the mere foreseeability that the defendant's out-of-state actions might have an impact in the forum will not satisfy due process.  See Walden v. Fiore, 134 S. Ct. at 1122-23.[3/]

For specific jurisdiction, moreover, "[a] plaintiff must establish the court's jurisdiction with respect to each claim asserted."  Sunward Elecs., Inc. v. McDonald, 362 F.3d 17, 24 (2d Cir. 2004); accord, e.g., Taormina v. Thrifty Car Rental, 16 Civ. 3255, 2016 WL 7392214 at *3 (S.D.N.Y. Dec. 21, 2016) ("Because specific jurisdiction is claim-specific, a court must have specific jurisdiction over each of the Plaintiff's claims.") (Caproni, D.J.).

General jurisdiction is appropriate in the case of a corporation where the defendant's "'continuous corporate operations within a state [are] so substantial and of such a nature as to justify

---

[3/]    See also, e.g., J. McIntyre Mach., Ltd. v. Nicastro, 564 U.S. 873, 883, 131 S. Ct. 2780, 2789 (2011) ("[I]t is the defendant's actions, not his expectations, that empower a State's courts to subject him to judgment."); Burger King Corp. v. Rudzewicz, 471 U.S. at 474, 105 S. Ct. at 2183 ("'[T]he foreseeability that is critical to due process analysis . . . is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there,'" not simply the "foreseeability of causing injury in another State.").

suit against it on causes of action arising from dealings entirely distinct from those activities.'"

Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. at 924, 131 S. Ct. at 2853.  For a

defendant corporation, the "paradigm forum" for general jurisdiction is the place "in which the

corporation is fairly regarded as at home," specifically its place of incorporation or principal place

of business.  Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. at 924, 131 S. Ct. at 2853-

54; accord, e.g., Daimler AG v. Bauman, 134 S. Ct. at 751 ("[A] court may assert jurisdiction over

a foreign corporation 'to hear any and all claims against [it]' only when the corporation's affiliations

with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at

home in the forum State.'").

Plaintiffs who assert general jurisdiction outside a corporation's state of incorporation

or principal place of business face a very heavy burden after Goodyear and Daimler.  The Supreme

Court in Goodyear noted that general jurisdiction "play[ed] a reduced role" in its modern

jurisprudence, and emphasized the limited circumstances in which it had held that a defendant's

contacts were substantial enough to warrant the exercise of such jurisdiction.  Goodyear Dunlop

Tires Operations, S.A. v. Brown, 564 U.S. at 925, 131 S. Ct. at 2854.  In Daimler, the Supreme

Court reiterated that "general jurisdiction has come to occupy a less dominant place in the

contemporary scheme," and "only a limited set of affiliations with a forum will render a defendant

amenable to all-purpose jurisdiction there."  Daimler AG v. Bauman, 134 S. Ct. at 758, 760.  As "[a]

corporation that operates in many places can scarcely be deemed at home in all of them," id. at 762

n.20, a defendant corporation must be "comparable to a domestic enterprise in th[e] [forum] State"

for general jurisdiction to apply, id. at 758 n.11.  Only in "an exceptional case"—where the

corporation's forum operations are "so substantial and of such a nature as to render the corporation at home in that State"—is general jurisdiction appropriate.  Id. at 761 n.19.[4]

## II.        SERVICE WAS VALID ON SHOPIFY USA, BUT NOT SHOPIFY, INC.

Before reaching the substantive jurisdictional analysis, the Court must determine whether service of process on defendants was proper.  "First, the plaintiff's service of process upon the defendant must have been procedurally proper. . . .  Second, there must be a statutory basis for personal jurisdiction that renders such service of process effective."  Licci v. Lebanese Canadian Bank, SAL, 673 F.3d 50, 59 (2d Cir. 2012).

Lopez properly served Shopify USA.  (See Dkt. No. 5: 1/9/17 Return of Service.) Lopez's process server served Shopify USA's registered agent, apparently in California (given the process server's California address) where its principal place of business is located.  (See 1/9/17 Return of Service at 2; see also page 4 above.)[5]  This method of service is authorized under the

---

[4]        The Second Circuit post-Goodyear and Daimler has repeatedly emphasized how strict this test is.  See, e.g., Brown v. Lockheed Martin Corp., 814 F.3d at 629 ("[W]hen a corporation is neither incorporated nor maintains its principal place of business in a state, mere contacts, no matter how 'systematic and continuous,' are extraordinarily unlikely to add up to an 'exceptional case'" under Daimler.); Gucci Am., Inc. v. Weixing Li, 768 F.3d 122, 135 (2d Cir. 2014) ("Aside from 'an exceptional case,' the [Supreme] Court explained [in Daimler], a corporation is at home . . . only in a state that is the company's formal place of incorporation or its principal place of business." (emphasis added)); Sonera Holding B.V. v. Cukurova Holding A.S., 750 F.3d 221, 226 (2d Cir.) ("[A]lthough Daimler and Goodyear 'd[o] not hold that a corporation may be subject to general jurisdiction only in a forum where it is incorporated or has its principal place of business, those cases make clear that even a company's 'engage[ment] in a substantial, continuous, and systematic course of business' is alone insufficient to render it at home in a forum." (citations omitted)), cert. denied, 134 S. Ct. 2888 (2014).

[5]        The Court visited the California Secretary of State website and found Shopify USA's listing identifying its registered agent as "C T CORPORATION SYSTEM," the same entity listed on Lopez's return of service.  (Compare 1/9/17 Return at 2, with https://businesssearch.sos.ca.gov/CBS/SearchResults?SearchType=CORP&Searc

(continued...)

Federal Rules of Civil Procedure and California law.  See Fed. R. Civ. P. 4(h)(1)(A) (permitting service on "a domestic or foreign corporation" in the United States "in the manner prescribed by Rule 4(e)(1)," which states that valid service "follow[s] state law for serving a summons in an action brought in courts of general jurisdiction in the state where . . . service is made"); Cal. Civ. Proc. Code § 416.10(a) ("A summons may be served on a corporation by delivering a copy of the summons and the complaint . . . [t]o the person designated as agent for service of process."). Defendants do not challenge the service on Shopify USA.  (Dkt. No. 14: Shopify Br. at 13.)

Defendants do challenge the service on Shopify, Inc. (Shopify Br. at 13), based on the Court's memo endorsement (Dkt. No. 9) on Lopez's return of service (Dkt. No. 8).  Lopez personally mailed a copy of the summons and complaint by registered mail to Shopify, Inc. in Ontario, Canada, where it is incorporated.  (Dkt. No. 8: 3/17/17 Return of Service at 2-3; see page 4 above.)  This method of service is valid under Article 10 of the Hague Convention, to which Canada and the United States are parties, because Canada does not object to service by mail.  See Fed. R. Civ. P. 4(h)(2) (service proper on foreign corporation "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)"); Fed. R. Civ. P. 4(f)(1) ("Unless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States . . . by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents"); Convention Done at the Hague Nov. 15, 1965, T.I.A.S. No. 6638, Art.

---

[5/]  (...continued)
hCriteria=Shopify&SearchSubType=Keyword.)  The Court takes judicial notice of this public record.  See, e.g., Giraldo v. Kessler, 694 F.3d 161, 164 (2d Cir. 2012); Fed. R. Evid. 201(b)(2).

12

10 (Feb. 10, 1969); <u>Accession</u>, 1529 U.N.T.S. 499, 499 ¶ II(A) (1989), https://treaties.un.org/doc/Publication/UNTS/Volume%201529/volume-1529-A-9432-English.pdf.[6]

However, as the plaintiff in this action, Lopez could not personally serve Shopify, Inc.  Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old <u>and not a party</u> may serve a summons and complaint." (emphasis added)); <u>see also</u>, <u>e.g.</u>, <u>Constien</u> v. <u>United States</u>, 628 F.3d 1207, 1213 (10th Cir. 2010) ("Even when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail."), <u>cert. denied</u>, 563 U.S. 979 , 131 S. Ct. 2884 (2011). "There is no exception for pro se litigants." <u>Avdeef</u> v. <u>Royal Bank of Scotland, P.L.C.</u>, 616 F. App'x 665, 672 (5th Cir. 2015).  Thus, service on Shopify, Inc. was improper, and the case should be dismissed against it on that basis alone.  In any event, as discussed below, Shopify USA and Shopify, Inc. are not subject to personal jurisdiction in this Court on this record.

## III.   SHOPIFY IS NOT SUBJECT TO THIS COURT'S PERSONAL JURISDICTION

### A.   General Personal Jurisdiction

"[A] court may assert jurisdiction over a foreign corporation 'to hear any and all claims against [it]' only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum State.'" <u>Daimler AG</u> v. <u>Bauman</u>, 134 S. Ct. 746, 751 (2014).  Neither Shopify, Inc. nor Shopify USA is incorporated or has its principal place of business in New York.  (<u>See</u> page 4 above.)  Therefore, general jurisdiction

---

[6]    See also, <u>e.g.</u>, <u>Ackermann</u> v. <u>Levine</u>, 788 F.2d 830, 838 (2d Cir. 1986) (discussing Article 10 and service by registered mail); <u>Cook</u> v. <u>Toidze</u>, 950 F. Supp. 2d 386, 394 (D. Conn. 2013) ("[S]ervice by regular mail is proper under the Hague Convention where the party served is a resident of Canada."); <u>Complexions, Inc.</u> v. <u>Indus. Outfitters, Inc.</u>, No. 09-CV-1402, 2011 WL 13070424 at *6 (N.D.N.Y. Aug. 9, 2011) ("Canada does not object to service by postal channels."); <u>N.Y. State Thruway Auth.</u> v. <u>Fenech</u>, 94 A.D.3d 17, 19, 938 N.Y.S.2d 654, 655 (3d Dep't 2012).

would only be appropriate here if this were the "exceptional case" where Shopify's forum operations are "so substantial and of such a nature as to render the corporation at home in" New York. Daimler AG v. Bauman, 134 S. Ct. at 761 n.19.

Lopez has not satisfied this heavy burden. The Court accepts as undisputed that Shopify: (1) trades on the New York Stock Exchange; (2) has multiple customers in New York; (3) ran several promotional events in New York including "Partner Studio NYC"; and (4) that Partner Studio NYC is a Shopify office, as opposed to a temporary rented workspace used only for a promotional event as Shopify contends. (See page 3 above.) These collective contacts still cannot support general jurisdiction under Daimler. See, e.g., Brown v. Lockheed Martin Corp., 814 F.3d 619, 629 (2d Cir. 2016) ("[W]hen a corporation is neither incorporated nor maintains its principal place of business in a state, mere contacts, no matter how 'systematic and continuous,' are extraordinarily unlikely to add up to an 'exceptional case'" under Daimler.); Gucci Am., Inc. v. Weixing Li, 768 F.3d 122, 135 (2d Cir. 2014) ("Aside from 'an exceptional case,' the Court explained [in Daimler], a corporation is at home . . . only in a state that is the company's formal place of incorporation or its principal place of business." (emphasis added)); Sonera Holding B.V. v. Cukurova Holding A.S., 750 F.3d 221, 226 (2d Cir.) ("[A]lthough Daimler and Goodyear 'd[o] not hold that a corporation may be subject to general jurisdiction only in a forum where it is incorporated or has its principal place of business, those cases make clear that even a company's 'engage[ment] in a substantial, continuous, and systematic course of business' is alone insufficient to render it at home in a forum." (citations omitted)), cert. denied, 134 S. Ct. 2888 (2014). General jurisdiction accordingly is inappropriate here.

## B.     Specific Personal Jurisdiction

The most promising statutory basis for personal jurisdiction against Shopify is C.P.L.R. § 302(a)(3), which provides that a defendant is subject to jurisdiction if he "commits a tortious act without the state causing injury to person or property within the state . . . if he . . . regularly does or solicits business . . . in the state."  C.P.L.R. § 302(a)(3)(i).[7]  The Court assumes without deciding that Lopez has plausibly alleged a theory of vicarious and/or contributory copyright and trademark infringement, which qualify as tortious acts under C.P.L.R. § 302(a)(3). See, e.g., EMI Christian Music Grp., Inc. v. MP3tunes, LLC, 844 F.3d 79, 99 (2d Cir. 2016); Tiffany (NJ) Inc. v. eBay Inc., 600 F.3d 93, 106 (2d Cir. 2010); Live Face on Web, LLC v. Biblio Holdings LLC, 15 Civ. 4848, 2016 WL 4766344 at *7 (S.D.N.Y. Sept. 13, 2016).  Shopify allegedly committed these torts outside New York as neither Shopify, Inc. nor Shopify USA is located in New York.  (See page 4 above.)  The Court further assumes that Lopez was injured in New York based on an extension of the New York Court of Appeals' decision in Penguin Grp. (USA) Inc. v. Am. Buddha, 16 N.Y.3d 295, 304, 921 N.Y.S.2d 171, 175 (2011)—an issue neither party addressed. Finally, Lopez likely could satisfy the "doing business" prong of C.P.L.R. § 302(a)(3)(i) as he alleged that "[t]he Shopify Defendants promote, advertise and offer directly from [their] website . . . website designers from and in the New York City area," and included portions of the Shopify

---

[7]     Lopez does not allege that his claims arise out of an in-state business transaction, that Shopify committed any tort in New York, or that his claims arise out of Shopify's possession of any real property in New York.  See C.P.L.R. § 302(a)(1)-(2), (4); see also, e.g., Licci v. Lebanese Canadian Bank, SAL, 673 F.3d 50, 60 (2d Cir. 2012); Penguin Grp. (USA) Inc. v. Am. Buddha, 609 F.3d 30, 33 (2d Cir. 2010); Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC, 16 Civ. 1318, 2017 WL 825482 at *7 n.9 (S.D.N.Y. Mar. 2, 2017).

webpage listing multiple New York City designers as an exhibit.  (Dkt. No. 24: Lopez Opp. Br. at 4; Dkt. No. 25: Lopez Aff. Ex. D.)

However, even if a statutory basis for jurisdiction exists, the exercise of jurisdiction would not comport with due process.  Lopez still must show "(1) that [Shopify] has 'certain minimum contacts' with the relevant forum, and (2) that the exercise of jurisdiction is reasonable in the circumstances.'"  Eades v. Kennedy, PC Law Offices, 799 F.3d 161, 168-69 (2d Cir. 2015); see also cases cited at page 7 above.  Under the first requirement, the Court must "'evaluate the quality and nature of the defendant's contacts with the forum state under a totality of the circumstances test.'"  Id. at 169.  Moreover, "the Due Process Clause require[s] that [Shopify's] contacts with New York have some connection to [Lopez's] . . . infringement claim."  Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 166 (2d Cir. 2010); see also, e.g., Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919, 131 S. Ct. 2846, 2851 (2011) ("[S]pecific jurisdiction is confined to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction.'"); Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, 105 S. Ct. 2174, 2182 (1985) (Specific jurisdiction exists where the "defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." (citations omitted)).  The Second Circuit has cautioned against an overly restrictive view of the connection between the defendant's forum contacts and the litigation.  See, e.g., Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d at 167 (District court "too narrowly construe[d] the nexus requirement, which merely requires the cause of action to 'relate to' defendant's minimum contacts with the forum."); Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 305 F.3d 120, 128 (2d Cir. 2002) (Sotomayor, C.J.) ("[W]hile these

contacts may not have directly given rise to the plaintiff's cause of action, they certainly 'relate to' it.'').

Shopify's contacts with New York may be substantial, but they do not "relate to" Lopez's claims in any meaningful way. Shopify does not dispute that it serves multiple New York customers, including Lopez, and has run promotional events in New York. (<u>See</u> page 3 above.)[8] But there is no evidence that these New York connections with unrelated people have any nexus to Lopez's claims in this lawsuit. Nor has Lopez shown that Shopify's connection to RRHustle, the alleged direct infringer, was the proximate result of Shopify's dealings in New York. <u>Compare</u>, <u>e.g.</u>, <u>Bank Brussels Lambert</u> v. <u>Fiddler Gonzalez & Rodriguez</u>, 305 F.3d at 128. RRHustle, moreover, is not alleged to have any ties to New York. Lopez does not allege that RRHustle sold any products in New York, specifically marketed the website to New York residents, operated the website in New York, targeted the state or its residents in any other way, or that any New York residents ever even accessed the site.[9] That Lopez holds his intellectual property rights and was injured by Shopify's

---

[8]     Lopez has disclaimed any connection between this action and "Shopify's services to [Lopez] as a web store owner that utilizes the Shopify e commerce service." (<u>See</u> page 2 above.)

[9]     The Court notes that the "spectrum of internet interactivity" may be helpful to a determination of personal jurisdiction. <u>Best Van Lines, Inc.</u> v. <u>Walker</u>, 490 F.3d 239, 251 (2d Cir. 2007). In the case of "'Web sites where a user can exchange information with the host computer . . .[,] the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site.'" <u>Best Van Lines, Inc.</u> v. <u>Walker</u>, 490 F.3d at 251 (quoting <u>Zippo Mfg. Co.</u> v. <u>Zippo Dot Com, Inc.</u>, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)). But this framework "'does not amount to a separate framework for analyzing internet-based jurisdiction . . . [and] traditional statutory and constitutional principles remain the touchstone of the inquiry.'" <u>Best Van Lines, Inc.</u> v. <u>Walker</u>, 490 F.3d at 252. RRHustle's website was an "interactive" commercial website because it operated as an online marketplace, selling the alleged infringing goods. (<u>See</u> page 2 above.) However, as discussed, Lopez does not allege that RRHustle sold any products in New York, marketed the site to New York residents, or targeted the state or its residents in any way. The Court is not satisfied that the theoretical (continued...)

alleged infringement in New York will not subject Shopify to personal jurisdiction.  (See pages 2-3

above); see Walden v. Fiore, 134 S. Ct. 1115, 1123, 1125 (2014) ("[M]ere injury to a forum resident

is not a sufficient connection to the forum.  Regardless of where a plaintiff lives or works, an injury

is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the

forum State.  The proper question is not where the plaintiff experienced a particular injury or effect

but whether the defendant's conduct connects him to the forum in a meaningful way.").

   The Court further finds that personal jurisdiction would be improper under the

"effects test" set forth in Calder v. Jones, 465 U.S. 783, 104 S. Ct. 1482 (1984), based on Shopify's

out of state activity.  See, e.g., Licci v. Lebanese Canadian Bank, SAL, 732 F.3d 161, 173 (2d Cir.

2013) ("The effects test is a theory of personal jurisdiction typically invoked where . . . the conduct

---

[9]/  (...continued)
availability of RRHustle's allegedly infringing goods to anyone with internet use in any state,
including New York, means that Shopify has "'purposefully directed'" its activities at New
York.  Burger King Corp. v. Rudzewicz, 471 U.S. at 472, 105 S. Ct. at 2182; see, e.g.,
Johnson v. Arden, 614 F.3d 785, 797 (8th Cir. 2010) ("[U]nder Zippo, whether specific
personal jurisdiction could be conferred on the basis of an interactive website depends not
just on the nature of the website but also on evidence that individuals in the forum state
accessed the website in doing business with the defendant.  Although
www.BoutiqueKittens.com may be characterized as interactive, there is no evidence in the
record that [defendant] engaged in any transaction or exchange of information with a
Missouri resident via www.BoutiqueKittens.com, or that a Missouri resident ever accessed
the website.  We decline to confer personal jurisdiction based on only the possibility that a
Missouri resident had contact with [defendant] through www.BoutiqueKittens.com."
(citation omitted)); Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 454 (3d Cir. 2003)
("As Zippo and the Courts of Appeals decisions indicate, the mere operation of a
commercially interactive web site should not subject the operator to jurisdiction anywhere
in the world.  Rather, there must be evidence that the defendant 'purposefully availed' itself
of conducting activity in the forum state, by directly targeting its web site to the state,
knowingly interacting with residents of the forum state via its web site, or through sufficient
other related contacts."); Neogen Corp. v. Neo Gen Screening, Inc., 282 F.3d 883, 890 (6th
Cir. 2002) ("A defendant purposefully avails itself of the privilege of acting in a state
through its website if the website is interactive to a degree that reveals specifically intended
interaction with residents of the state.").  Moreover, it is not at all clear that the pre-2014
internet jurisdiction cases fully survive after the Supreme Court's Walden decision.

that forms the basis for the controversy occurs entirely out-of-forum, and the only relevant jurisdictional contacts with the forum are therefore in-forum effects harmful to the plaintiff."); Best Van Lines, Inc. v. Walker, 490 F.3d at 254 n.14 (C.P.L.R. § "302(a)(3) . . . is roughly analogous to the 'effects test' in Calder.").

In Calder, the plaintiff sued a reporter and an editor for libel based on an article they published in the National Enquirer. Calder v. Jones, 465 U.S. at 784-85, 104 S. Ct. at 1484. The plaintiff resided in California, the defendants resided and wrote the offending article in Florida, and the Enquirer was organized and had its principal place of business in Florida. Calder v. Jones, 465 U.S. at 785-86, 104 S. Ct. at 1484-85. The Enquirer "publishe[d] a national weekly newspaper with a total circulation of over 5 million. About 600,000 of those copies, almost twice the level of the next highest State, [we]re sold in California." Calder v. Jones, 465 U.S. at 784, 104 S. Ct. at 1484.

The Supreme Court held that personal jurisdiction in California was proper:

> The allegedly libelous story concerned the California activities of a California resident. It impugned the professionalism of an entertainer whose television career was centered in California. The article was drawn from California sources, and the brunt of the harm, in terms both of respondent's emotional distress and the injury to her professional reputation, was suffered in California. In sum, California is the focal point both of the story and of the harm suffered. Jurisdiction over petitioners is therefore proper in California based on the 'effects' of their Florida conduct in California. . . .

> [Defendants'] intentional, and allegedly tortious, actions were expressly aimed at California. [Defendants wrote and edited] an article that they knew would have a potentially devastating impact upon respondent. And they knew that the brunt of that injury would be felt by respondent in the State in which she lives and works and in which the National Enquirer has its largest circulation.

Calder v. Jones, 465 U.S. at 788-90, 104 S. Ct. at 1486-87 (fn. & citations omitted).

To satisfy Calder, Lopez must show that Shopify's "intentional, and allegedly tortious, actions were expressly aimed at" New York. Calder v. Jones, 465 U.S. at 789, 104 S. Ct.

at 1487; accord, e.g., Licci v. Lebanese Canadian Bank, SAL, 732 F.3d at 173.  The express aiming

requirement requires something more than in-state harm to the plaintiff alone.  See, e.g., Walden v.

Fiore, 134 S. Ct. at 1125 ("Calder made clear that mere injury to a forum resident is not a sufficient

connection to the forum. . . .  The proper question is not where the plaintiff experienced a particular

injury or effect but whether the defendant's conduct connects him to the forum in a meaningful

way.").[10]  Lopez alleges that he notified Shopify of RRHustle's infringing website, and Shopify

failed to promptly remove the offending content.  (See pages 2-3 above.)  These allegations suggest

harm to Lopez's intellectual property rights in New York of the sort described in Penguin Grp.

(USA) Inc. v. Am. Buddha, 16 N.Y.3d 295, 305-06, 921 N.Y.S.2d 171, 176 (2011), but do not

without more establish that Shopify "expressly aimed" its conduct at the forum.  Simply because

Shopify was put on notice of RRHustle's infringing activity via a takedown notice does not convert

its subsequent short delay in removing the information into conduct expressly aimed at the forum.

See, e.g., Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex,

P.A., 623 F.3d 440, 447 (7th Cir. 2010) ("To find express aiming based solely on the defendant's

---

[10]     See also, e.g., Anzures v. Flagship Rest. Grp., 819 F.3d 1277, 1281 (10th Cir. 2016) (In
Calder, "it was not only important that the plaintiff felt the effects of the defendants' actions
in the forum state but that the defendants' actions targeted the forum state."); United States
v. Swiss Am. Bank, Ltd., 274 F.3d 610, 634 (1st Cir. 2001) ("[I]t cannot be enough that the
defendant knew when it acted that its victim lived in the forum state."); IMO Indus., Inc. v.
Kiekert AG, 155 F.3d 254, 265 (3d Cir. 1998) ("[W]e . . . agree with the conclusion reached
by the First, Fourth, Fifth, Eighth, Ninth, and Tenth Circuits that jurisdiction under Calder
requires more than a finding that the harm caused by the defendant's intentional tort is
primarily felt within the forum. . . .  Simply asserting that the defendant knew that the
plaintiff's principal place of business was located in the forum would be insufficient in itself
to meet this requirement."); Indianapolis Colts, Inc. v. Metro. Baltimore Football Club Ltd.
P'ship., 34 F.3d 410, 412 (7th Cir. 1994) ("In Calder as in all the other cases that have come
to our attention in which jurisdiction over a suit involving intellectual property . . . was
upheld, the defendant had done more than brought about an injury to an interest located in
a particular state.  The defendant had also 'entered' the state in some fashion, as by the sale
(in Calder) of the magazine containing the defamatory material.").

receipt of that [cease and desist] letter would make any defendant accused of an intentional tort subject to personal jurisdiction in the plaintiff's home state as soon as the defendant learns what that state is. Calder requires more.").  And, as discussed above, there is no evidence that RRHustle's website—the basis for Shopify's alleged vicarious infringement—targeted New York, however interactive the site may have been.  (See page 16 n.9 above.)  The unique nature of intellectual property rights cannot justify a default rule that a defendant who infringes on another's trademark or copyright is subject to personal jurisdiction under Calder wherever the intellectual property holder is located, regardless of the circumstances.  The Court accordingly finds that extending Calder to this case would circumvent the express aiming requirement, as it cannot be said that New York "is the focal point of the torts alleged in this litigation." Waldman v. Palestine Liberation Org., 835 F.3d 317, 340 (2d Cir. 2016).[11/]

## IV.    LEAVE TO AMEND SHOULD BE DENIED

In the Second Circuit, "'[a] pro se complaint should not [be] dismiss[ed] without [the Court] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" Dolan v. Connolly, 794 F.3d 290, 295 (2d Cir. 2015). However, "[l]eave to amend need not be granted . . . where the proposed amendment would be futil[e]." Williams v. Citigroup Inc., 659 F.3d 208, 214 (2d Cir. 2011) (quotations omitted).  Lopez has not alleged any new facts that he wishes to plead, and the Court has considered the facts alleged in Lopez's opposition brief and his exhibits to supplement his Amended Complaint.[12/]  More

---

[11/]    To be clear, the Court's holding should not be read beyond the facts here.  Shopify's conduct vis a vis a different plaintiff might be sufficient to support specific jurisdiction in New York without a constitutional problem.  But the necessary nexus to Lopez is absent.

[12/]    The Court notes that Lopez never sought jurisdictional discovery before or after responding
(continued...)

importantly, "[t]he problem with [Lopez's complaint] is substantive; better pleading will not cure it." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); accord, e.g., Vlad-Berindan v. NYC Metro. Transp. Auth., 14 Civ. 10304, 2016 WL 1317700 at *10 (S.D.N.Y. Apr. 1, 2016) (Caproni, D.J.).  Leave to amend thus should be denied, and Lopez's complaint dismissed without prejudice. See, e.g., Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507 n.4 (2d Cir. 1994) ("[A] dismissal for want of . . . personal jurisdiction is not a decision on the merits.  Consequently, upon such a dismissal the plaintiff is free to institute the suit anew in a jurisdiction or under circumstances supporting jurisdiction.").

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss (Dkt. No. 13) for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) should be GRANTED and Lopez's Amended Complaint should be DISMISSED WITHOUT PREJUDICE.

---

12/   (...continued)
      to Shopify's motion.  See, e.g., Chirag v. MT Marida Marguerite Schiffahrts, 604 F. App'x 16, 18-19 (2d Cir. 2015) ("Where plaintiffs do not establish a prima facie case that the district court has jurisdiction over the defendant, the district court does not err in denying jurisdictional discovery.").

22

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Valerie E. Caproni, 40 Foley Square, Room 240, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Caproni (with a courtesy copy to my chambers).  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Ingram v. Herrick, 475 F. App'x 793, 793 (2d Cir. 2012); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated:  New York, New York
        May 23, 2017

Respectfully submitted,

_____
**Andrew J. Peck**
United States Magistrate Judge

Copies to:  Counsel (ECF)
            Robert Lopez (mail)
            Judge Caproni