USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/17/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
ROBERT G. LOPEZ, :
:
                            Plaintiff, :    16-CV-9761 (VEC)(RWL)
:
                -against- :    ORDER ADOPTING REPORT &
:    RECOMMENDATION
SHOPIFY, INC. and SHOPIFY (USA), INC., :
:
                         Defendants. :
------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

Plaintiff Robert Lopez, proceeding *pro se*, alleges claims for copyright infringement, trademark infringement, unfair competition, and unjust enrichment. Lopez owns a copyright in a "Hustle Snapback Design" and a stylized "HUSTLE" trademark. Am. Compl. ¶¶ 1-3 (Dkt. 7). Shopify (owned and operated by defendants Shopify, Inc. and Shopify (USA), Inc.) is an e-commerce platform that provides support to the apparel industry. Am. Compl. ¶ 21. In October 2015, Lopez alleges, Shopify provided services to another merchant using the "HUSTLE" mark to sell similar products without Lopez's permission. Am. Compl. ¶¶ 23-24. Rather than sue the offending competitor, Lopez brought this action against Shopify.

Shopify moved to dismiss on a number of grounds, including that it is not amenable to personal jurisdiction in this forum, that service was ineffective as to Shopify, Inc., and that Lopez failed to state a claim in any event. Dkts. 13, 14. Shopify, Inc. is a Canadian entity. Am. Compl. ¶ 9. Shopify (USA) is a Delaware entity based in Ontario[1]. Neither defendant is registered to do business in New York and neither has any employees or an office in New York. Zipes Declr. ¶¶ 5, 7. Lopez does not allege that the offensive products were sold in New York,

---

[1] According to Shopify (USA) Inc., it is based in California, not Ontario. *See* Declaration of Erin Zipes (dkt. 15) ("Zipes Declr.") ¶ 5. The difference is immaterial.

marketed particularly to New York residents, or sold from New York. Defendants filed their motion to dismiss on March 29, 2017. Dkts. 13. On April 11, 2017, Lopez filed an opposition, but he did not seek jurisdictional discovery or allege any additional facts relevant to Shopify's contacts with this forum. Dkt. 23. Shopify replied on April 18, 2017. Dkt. 28.

The Court referred this case to Magistrate Judge Peck for general pre-trial and preparation of a report and recommendation on any dispositive motion. Dkt. 3. Magistrate Peck issued a report and recommendation (the "R&R") on May 22, 2017. Dkt. 31. Judge Peck found that Lopez had not properly served Shopify, Inc. and that the Court lacked personal jurisdiction over the Defendants. R&R at 12, 20. Judge Peck recommended that the motion be granted without leave to amend, notwithstanding Lopez's *pro se* status. R&R at 20-21. Lopez did not file any objections to the R&R and his time to do so has expired.[2]

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b) (1)(C). When no objections are made to a magistrate judge's report, a district court may adopt the report so long as "there is no clear error on the face of the record." *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (citing *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). Failure to file timely objections to the magistrate judge's report constitutes a waiver of those objections in the district court and on later appeal to the United States Court of Appeals. *See Small v. Sec'y of Health & Human Servs.*, 892 F. 2d 15, 16 (2d Cir.

---

[2] On April 19, 2017, Lopez filed a letter informing the Court that he "do[es] NOT consent to the Motion to Dismiss filed in this action being decided by a Magistrate Judge." Dkt. 30. The R&R was not filed until May 22, 2017, and so that letter did not constitute an objection to the R&R. In any event, the Court need not consider conclusory objections to the R&R. *See Pineda v. Masonry Constr., Inc.*, 831 F. Supp. 2d 666, 671 (S.D.N.Y. 2011). (To the extent that a party's objections "are conclusory or general, or simply reiterate original arguments, the district court reviews the [report] for clear error.").

1989) (*per curiam*); *see also Thomas v. Arn*, 474 U.S. 140, 149–50 (1985) (holding that Section 636 does not require review of a magistrate's findings if no party objects).

Because no objections to the R&R were filed, the Court reviews for "clear error." *Phillips*, 955 F. Supp. 2d at 211. Upon careful review, the Court finds no clear error in Magistrate Judge Peck's well-reasoned decision. The Court adopts the R&R in full.[3]

## CONCLUSION

Defendants' motion to dismiss is GRANTED and the Amended Complaint is DISMISSED WITHOUT PREJUDICE. The Clerk of Court is respectfully requested to close the open motion at docket entry 13, enter judgment in favor of Defendants, and terminate the case. The Clerk of Court is further requested to mail a copy of this Order and the R&R to Plaintiff and note service on the docket.

**SO ORDERED.**

Date: **January 17, 2018**
New York, New York

_____
**VALERIE CAPRONI**
**United States District Judge**

---

[3] It is ordinarily inappropriate to dismiss a *pro se* complaint without leave to amend unless the plaintiff has previously had the opportunity to amend at least once. *See Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999) (*pro se* complaints should not be dismissed without leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim."). Nonetheless, the Court agrees with Judge Peck that dismissal without leave to amend is proper under the circumstances. Dismissal on personal jurisdiction grounds is not a decision on the merits, and Lopez may reinstitute this proceeding in a more appropriate jurisdiction or upon facts better supporting jurisdiction. *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 n.4 (2d Cir. 1994). Moreover, Lopez did not seek leave to amend or identify new facts supporting jurisdiction in his opposition to the motion to dismiss and he did not file any objections to the R&R.